[Civ. No. 11511. Third Dist. May 4, 1967.]

THOMAS E. FULLER, JR., a Minor, etc., Plaintiff and Appellant, v. STANDARD STATIONS, INC., et al., Defendants and Respondents.

Leep, Saunders & Halpin and Jack Halpin for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Noble K. Gregory, Walter R. Allan, Rust, Hoffman, Mills & Newlan, Rodegerdts, Means & Northup and Frederick R. Estey for Defendants and Respondents.

FRIEDMAN, J.—The problem is whether damage liability may be imposed upon an automobile service station operator for selling gasoline to a recognizably intoxicated motorist who then injures a third person.

The minor plaintiff was injured and his father, mother, sister and brother were killed in a collision with an automobile driven by Herschel Baker, a defendant. In the second count of his complaint plaintiff names as defendants Standard Stations, Inc., operator of a service station near Vacaville, and Associated Oil Company, owner of a station in the nearby community of Winters. He alleges that on the day of the accident both service station operators supplied ''chattels'' to Baker ''knowing or having reason to know that because of [his] intoxicated condition'' he would use ''said chattels'' in a manner involving the unreasonable risk of physical harm to others. The gasoline retailers filed a general demurrer, which the trial court sustained without leave to amend. Plaintiff appeals from the judgment.

Both in the trial court and in their briefs on appeal the parties have indicated that the ''chattels'' consisted of gasoline supplied to Baker's automobile.

The complaint is obviously modeled upon the ''negligent entrustment'' doctrine described in section 390, Restatement Second of Torts: ''One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.''

The negligent entrustment theory is frequently expressed in decisions imposing liability upon an automobile owner who permits its use by an incompetent or intoxicated driver who injures the plaintiff. (*Johnson* v. *Casetta* (1961) 197 Cal.App. 2d 272, 275 [17 Cal.Rptr. 81]; *Knight* v. *Gosselin* (1932) 124

Cal.App. 290, 294-295 [12 P.2d 454]; additional cases cited, Restatement Second of Torts, Appendix, § 390; *Fleckner* v. *Dionne* (1949) 94 Cal.App.2d 246, 252-253 [210 P.2d 530] (dissent).) Approximately the same notion finds negative expression in the rule that, absent a special relationship, one person has no duty to prevent a second from harming a third even where the second person is using property of the first, unless the supplier has reason to believe that the second person is incompetent to manage it. (*Richards* v. *Stanley* (1954) 43 Cal.2d 60, 65 [271 P.2d 23]; *Grafton* v. *Mollica* (1965) 231 Cal.App.2d 860, 863 [42 Cal.Rptr. 306].)

A strongly contrasting result is reached in decisions involving a tavernkeeper who knowingly sells liquor to an intoxicated customer, who then injures himself or another. California decisions exempt the tavernkeeper from liability as a matter of law. (*Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137]; *Lammers* v. *Pacific Elec. Ry. Co.* (1921) 186 Cal. 379 [199 P. 523]; *Fleckner* v. *Dionne, supra,* 94 Cal.App.2d 246; *Hitson* v. *Dwyer* (1943) 61 Cal.App.2d 803 [143 P.2d 952].)

Some jurists have confessed inability to distinguish between the defendant who knowingly supplies liquor to a drunken driver and one who places an automobile at his disposal. (*Fleckner* v. *Dionne, supra,* 94 Cal.App.2d at p. 253 (dissent); *Mitchell* v. *Ketner* (1964) 54 Tenn.App. 656 [393 S.W.2d 755, 759].) The incongruity between the liquor sale cases and the automobile entrustment decisions is partly explainable in historic terms. The common law gave no remedy against a tavernkeeper for injury or death following the sale of liquor, and the courts—at least in California— have deferred to the Legislature by declining to change the rule through judicial decision. (*Cole* v. *Rush, supra,* 45 Cal.2d at pp. 348-349, 354-355; *Fleckner* v. *Dionne, supra,* 94 Cal. App.2d at p. 249.) The courts of other jurisdictions have been disposed to qualify the common law rule, especially when the drunken customer inflicted injury on an innocent third person. (*Rappaport* v. *Nichols* (1959) 31 N.J. 188 [156 A.2d 1, 75 A.L.R.2d 821]; *McKinney* v. *Foster* (1958) 391 Pa. 221 [137 A.2d 502]; see Annot. 75 A.L.R.2d 833; 18 W.Res.L.Rev. (vol. No. 1) 251 (1966); Johnson, *Drunken Driving—The Civil Responsibility of the Purveyor of Intoxicating Liquor,* 37 Ind.L.J. 317 (1962).)

Remarkably enough, the California tavernkeeper decisions unanimously declare that the customer's intoxication and not

the sale of liquor is the proximate cause of the injury. (*Cole v. Rush, supra,* 45 Cal.2d at p. 356; *Lammers v. Pacific Elec. Ry. Co., supra,* 186 Cal. at p. 384; *Fleckner v. Dionne, supra,* 94 Cal.App.2d at pp. 250-251; *Hitson v. Dwyer, supra,* 61 Cal.App.2d at p. 809.) Such declarations form a back-eddy running counter to the mainstream of modern tort doctrine. ■ Present-day tort analysis views causation primarily as a fact question for the jury, not as a law proposition for the court. (*Mosley v. Arden Farms* (1945) 26 Cal.2d 213, 219 [157 P.2d 372, 158 A.L.R. 872]; *Ishmael v. Millington* (1966) 241 Cal.App.2d 520, 525-526 [50 Cal.Rptr. 592]; Restatement Second of Torts, § 434; Prosser on Torts (3d ed.) p. 329; see *Cole v. Rush, supra,* 45 Cal.2d at p. 366 (dissent).) ■ A defendant may be liable if his negligence is a substantial factor in causing the injury, and the presence of intervening causal forces does not relieve him from liability if those forces were foreseeable. (*Stewart v. Cox* (1961) 55 Cal.2d 857, 863-864] 13 Cal.Rptr. 521, 362 P.2d 345]; *Richardson v. Ham* (1955) 44 Cal.2d 772, 777 [285 P.2d 269]; *Eads v. Marks* (1952) 39 Cal.2d 807, 812 [249 P.2d 257]; *Mosley v. Arden Farms, supra,* 26 Cal.2d at p. 218; *Ewart v. Southern Cal. Gas Co.* (1965) 237 Cal.App.2d 163, 169-173 [46 Cal.Rptr. 631]; Restatement Second Torts, §§ 302, 302A, 431, 437.) ■ If the realizable likelihood that another person may act in a particular manner is a hazard which makes the defendant negligent, that person's act, whether innocent or negligent, does not prevent the defendant from being liable for harm caused thereby. (*Richardson v. Ham, supra,* 44 Cal.2d at p. 777; Restatement Second of Torts, § 449; Prosser on Torts (3d ed.) pp. 175 et seq.)

■ Current judicial analysis considers the outer boundaries of negligence liability in terms of duty of care rather than proximate causation. The imposition of a duty of care and its extension to the expectable conduct of third persons is largely a question of law for the court. ■ Where existence of a duty is brought into question, its affirmation rests in part upon social policy ·factors, in part upon an inquiry whether the actor's conduct involves a foreseeable risk to persons in the plaintiff's situation. (*Amaya v. Home Ice, Fuel & Supply Co.* (1963) 59 Cal.2d 295, 307-308 [29 Cal.Rptr. 33, 379 P.2d 513]; *Richards v. Stanley, supra,* 43 Cal.2d at pp. 6ᴿ-67; *Hergenrether v. East* (1964) 61 Cal.2d 440, 444-445 [39 Cal.Rptr. 4, 393 P.2d 164]; *Richardson v. Ham, supra,* 44 Cal.2d at p. 777; *Raymond v. Paradise Unified School Dist.*

(1963) 218 Cal.App.2d 1, 6 [31 Cal.Rptr. 847].) ▮ In the consideration of a general demurrer or motion for nonsuit in a negligence action, the dispositive issue is usually the legal question of duty, not the fact question of proximate cause. (*Amaya* v. *Home Ice, Fuel & Supply Co., supra,* 59 Cal.2d at p. 307.) This court observed in *Raymond* v. *Paradise Unified School Dist., supra* (p. 6) : "Divergent results are possible and judicial disagreements arise by approaching negligence determinations through the gateway of duty, on the one hand, or proximate causation on the other."

When the facts at hand are approached as a duty of care problem, there may be justification for a rule imposing liability on a service station operator who sells gasoline to a recognizably intoxicated motorist. The operator is negligent as to persons beyond his vision when his conduct creates a recognizable risk of harm to them. (See com. c, Restatement Second of Torts, § 281(b).) The element of foreseeability offers no problem. There is no "freak accident" here, no extraordinary combination of events culminating in an unforeseeable injury. (See *Premo* v. *Grigg,* 237 Cal.App.2d 192 [46 Cal.Rptr. 683] ; Prosser, *Selected Topics on the Law of Torts: Palsgraf Revisited* (1953) 191, 234-239.) Supplying motive power to a drunk driver involves a recognizable, indeed obvious, danger to other motorists and pedestrians.[1] The assumption of foreseeability for pleading purposes does not prevent the defendant from presenting evidence that it did not know or have reason to believe that the customer was drunk and that it acted as a reasonably prudent person.[2] Given the foreseeability of harm to the injured plaintiff, the inquiry then centers on the array of policy factors which justify affirmation or denial of the duty. (See, e.g., *Amaya* v. *Home Ice, Fuel & Supply Co., supra,* 59 Cal.2d at pp. 310-315; *Raymond* v. *Paradise Unified School Dist., supra,* 218 Cal.App.2d at p. 8; Green, *Judge and Jury* (1930) p. 97 et seq.)

▮ We would at this point turn to those factors were the question of liability an open one. The question is not open. *Stare decisis* requires us to adhere to the rule of *Fleckner* v.

[1] *Rappaport* v. *Nichols* (N.J.) *supra,* 156 A.2d at p. 8; see also *Richardson* v. *Ham, supra,* 44 Cal.2d at p. 776. The suggestion is available that the gasoline does not "cause" the injury any more than the spark plugs or tires. When the problem is approached from the duty viewpoint, the suggestion is defeated by the fact that the suppliers of spark plugs and tires did not have a drunken driver before them.

[2] We do not deal with a duty of inquiry into the customer's sobriety but only with one arising when the service station operator knows or has reason to know that the customer is intoxicated.

*Dionne, supra,* as crystallized in California law by the Supreme Court's opinion in *Cole* v. *Rush.* In *Fleckner* the complaint alleged that the plaintiff had been injured in an automobile collision with an intoxicated driver and that the defendant tavernkeeper had sold liquor to the driver, knowing of his intoxication and knowing that he would drive his automobile. The trial court had sustained a general demurrer to the complaint and the District Court of Appeal affirmed, after which the Supreme Court denied a hearing. In *Cole* (45 Cal.2d at p. 351) the Supreme Court noted its denial of a hearing in *Fleckner,* which "stands, therefore, as a decision of a court of last resort in this state, until and unless disapproved by this [Supreme] court or until change of 'the law by legislative action." It noted also that its denial of a hearing "may" be taken as approval of the *Fleckner* decision, although not necessarily of all its reasoning. (45 Cal.2d at p. 351, fn. 3.) On several later occasions the Supreme Court has observed that its denial of a hearing after a Court of Appeal decision is not "without significance" in indicating its views. (*Amaya* v. *Home Ice & Fuel Supply Co., supra,* 59 Cal.2d at p. 306; *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 178 [18 Cal.Rptr. 369, 367 P.2d 865].) The decisions of the Supreme Court must be followed by all the state courts of California. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

*Fleckner* v. *Dionne* denied liability of a tavernkeeper alleged to have sold liquor to a known inebriate who would foreseeably drive his car, thus exposing others to danger. This case involves one who sells him gasoline. There is no significant distinction of logic, social policy or law between these sellers.[3] Each purveys a different commodity, but these commodities play parallel roles in the combination of circumstances culminating in foreseeable injury. The Supreme Court's approval (in *Cole* v. *Rush*) of a rule exonerating the liquor seller as a matter of law impels us to the conclusion

---

[3]An inconsequential difference of law does appear. Bus. & Prof. Code, § 25602, forbidding sale of liquor to an obviously intoxicated person, has no counterpart in the case of the gasoline seller. Since, according to the California tavernkeeper cases, intoxication rather than the sale of liquor is the proximate cause of the injury, § 25602 plays no discernible tort liability role. Referring to this identical statute, *Hitson* v. *Dwyer, supra, states* (61 Cal.App.2d at p. 808) : "The principle that a violation of a statute or ordinance is negligence *per se,* is subject to the limitation that the act or omission must proximately cause or contribute to the injury."

that the gasoline seller must also be exonerated as a matter of law.

There are several complications. First: In *Cole* v. *Rush* the plaintiffs were the heirs of the intoxicated customer who had been killed while fighting with a fellow patron. The complaint did not allege that the defendant sold him liquor knowing that he was drunk, but only that the seller knew of his belligerent disposition when he was intoxicated. Counsel for our present plaintiff point to the statement in the *Cole* opinion that "as to a *competent person* it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use. . . ." (Italics ours.) (45 Cal.2d at p. 356.) Certainly the quoted statement points to a distinction of possible significance between the *Cole* case and this. It is not *Cole* which stands as binding precedent here, but rather *Fleckner* v. *Dionne* as approved in *Cole*. In *Fleckner*, as here, the seller was alleged to know of his customer's intoxication. Since we draw no distinction between alcoholic beverage and gasoline as ingredients in the recipe of a foreseeable accident, we draw none between *Fleckner* and the case at bar.

Second: In *Cole* the Supreme Court apparently held that the complaint's allegations demonstrated the decedent's contributory negligence as a matter of law. (45 Cal.2d at p. 356.) Thus there was no necessity for endorsing the tavernkeepers' nonliability doctrine. Nevertheless the *Cole* opinion seems to view that doctrine as *ratio decidendi* and not *dictum*.

Third: *Cole* v. *Rush* and its California antecedents approach the initial adjudication of negligence via the obsolete gateway of proximate cause rather than duty. Thus these cases may be unreliable and ripe for qualification or disapproval. In *Cole*, however, the Supreme Court declared that *Fleckner* v. *Dionne* represents the law until disapproved by it. As an intermediate appellate court we take the law as we find it and do not reexamine doctrines approved by the Supreme Court with a view to enunciating a new rule of law. (*Goncalves* v. *San Francisco Unified School Dist.*, 166 Cal. App.2d 87, 89 [332 P.2d 713].)

Fourth: A possible alternative is offered by the rule of liability prevailing when an automobile is negligently entrusted to an intoxicated driver. (*Knight* v. *Gosselin, supra*, 124 Cal.App. 290; Restatement Second of Torts, § 390.) While recognizing the broad principle represented by the automobile

entrustment decisions and their analogy here, we do not consider ourselves free to avoid the binding force of *Fleckner* v. *Dionne*.

Aside from commenting on the fairly obvious element of foreseeability of danger, we abstain from any attempt to weigh the factors for and against imposition of a duty of care on the service station operator.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied May 22, 1967, and appellant's petition for a hearing by the Supreme Court was denied June 28, 1967. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.