[Civ. No. 896. Fifth Dist. July 16, 1968.]

TERRY BROCKETT et al., Plaintiffs and Appellants, v. KITCHEN BOYD MOTOR COMPANY, Defendant and Respondent.

Sims & Solomon and Gabriel W. Solomon for Plaintiffs and Appellants.

Borton, Petrini, Conron & Brown and J. Craig Jenkins for Defendant and Respondent.

CONLEY, P. J.—The seven plaintiffs were occupants of a 1965 Chrysler automobile which was stopped in the nighttime at a red traffic light on 24th Street in Bakersfield. A 1959 Ford Thunderbird driven by Jimmie Leon Huff, an intoxicated minor of the age of 19 years, struck the Chrysler and injured the occupants. The complaint alleges that Huff was an employee of Kitchen Boyd Motor Company, the defendant copartnership, and that his intoxication was induced by the defendant as the result of a prolonged Christmas party for its employees, which started at noon on December 23, 1966, and during which the defendant served to its employees, including Huff, copious drinks of liquor and solicited their indulgence; that Huff became grossly intoxicated by 7:05 o'clock to the point where he could not properly drive an automobile in traffic, but that notwithstanding the existence of such facts the defendant placed him in the automobile, which Huff had been driving, and directed him to proceed through traffic to his home.

The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action; and the demurrer was sustained on that ground without leave to amend. A second ground of demurrer alleged uncertainty in that it did not appear "how or in what manner any actions of defendants were the proximate cause of the alleged injuries." This ground of demurrer was overruled by the court. There followed a dismissal of the case by court order and this appeal was taken from the judgment of dismissal.

In sustaining the demurrer the trial court considered as applicable and binding upon it *Fleckner* v. *Dionne,* 94 Cal. App.2d 246 [210 P.2d 530] ; *Cole* v. *Rush,* 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137] ; and *Fuller* v. *Standard Stations, Inc.,* 250 Cal.App.2d 687 [58 Cal.Rptr. 792]. The obvious issue on the appeal as framed by both sides is whether those cases prevent the plaintiffs here from recovering as a matter of law.

In California the rule is unquestionably established that the mere sale or supplying of intoxicating liquor to a person who becomes intoxicated does not make the seller or supplier liable to the intoxicated person or to a third party injured by such intoxicated person. The rationale of these cases is that it is the consumption of the liquor, rather than the furnishing of it, which is the proximate cause of the injury to the intoxicated person or to third persons; therefore, as the furnishing of the alcoholic drink is not the proximate cause of the injury, there is no liability. The rule has been extended to protect the seller of gasoline for use by the intoxicated person (*Fuller* v. *Standard Stations, Inc., supra,* 250 Cal.App.2d 687), and it is unquestionably binding in California despite the provisions of the Business and Professions Code, which make it a misdemeanor to sell or furnish an alcoholic beverage to a known drunkard or to an obviously intoxicated person or to a minor. (See *Fleckner* v. *Dionne, supra,* 94 Cal.App.2d 246, 250.) Although the rule has been subjected to multiple adverse criticism and is not effective in many other states (*Fuller* v. *Standard Stations, Inc., supra,* 250 Cal.App.2d 687), there can be no question that it is effective in California under the present enunciation of the law; this appellate court, of course, is bound by the rule as stated by the Supreme Court. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

If the foregoing rule were the only applicable principle, it would be our duty to affirm the lower court's judgment. However, there are additional elements in the present situation which, in our opinion, make it incumbent upon us to reverse the judgment. These additional facts in part have their genesis in the special relationship of the minor, Huff, and the Kitchen Boyd Motor Company, and in part in the acts performed by the defendant as alleged in the complaint.

One of the applicable principles which calls for the reversal of this judgment of dismissal is alluded to in the recent case of *Schwartz* v. *Helms Bakeries, Ltd.,* 67 Cal.2d 232, 238 [60 Cal.Rptr. 510, 430 P.2d 68]; it is said in that comprehensive opinion: ''Firmly rooted in the common law lies the concept that although one individual need do nothing to rescue another from peril not of that individual's own making, nevertheless, 'He who undertakes to do an act must do it with . . . care.' (*Johnston* v. *Orlando* (1955) 131 Cal.App.2d 705, 709 [281 P.2d 357]; *Valdez* v. *Taylor Automobile Co.* (1954) 129 Cal.App.2d 810, 817 [278 P.2d 91]; *Griffin* v.

*County of Colusa* (1941) 44 Cal.App.2d 915, 923 [113 P.2d 270]; Rest.2d, Torts, §§ 324, 324A; 38 Am.Jur. 659; Negligence, § 17.) '(I)f the defendant enters upon an affirmative course of conduct affecting the interests of another, he is regarded as assuming a duty to act, and will thereafter be liable for negligent acts or omissions. . . .' (*Valdez* v. *Taylor Automobile Co., supra,* 129 Cal.App.2d 810, 817, citing Prosser, Torts, § 32, p. 190.) 'If the conduct of the actor has brought him into a human relationship with another, of such character that sound social policy requires some affirmative action or some precaution on his part to avoid harm, the duty to act or take the precaution is imposed by law. . . . Where a person is under the special protection of another, the latter is bound to exercise reasonable care to prevent harm to him, and this duty may include protection from the dangerous conduct of third persons.' (Harper & Kime, *The Duty to Control the Conduct of Another* (1934) 43 Yale L.J. 886, 898; see also *Silva* v. *Providence Hospital of Oakland* (1939) 14 Cal.2d 762, 775 [97 P.2d 798]; *Perry* v. *D. J. & T. Sullivan, Inc.* (1933) 219 Cal. 384, 390 [26 P.2d 485].) '' (See also: Prosser, Law of Torts (3d ed.) pp. 14-23; 2 Harper and James, The Law of Torts, p. 1058 et seq.; *Knight* v. *Gosselin,* 124 Cal. App. 290, 294 [12 P.2d 454].)

It is our view that the alleged relationship between the minor Huff and Kitchen Boyd Motor Company was such that the defendant had assumed the responsibility for the well-being and proper conduct of the minor in the circumstances here for not only the minor's protection, but also for the protection of the general public through the exercise of ordinary care.

■ The pleading in this case, of course, is not evidence, but for the purpose of judging the vitality and applicability of the pleadings we must take the statements of fact contained therein to be correct. (39 Cal.Jur.2d, Pleading, § 128, pp. 189-190.) ■ That being so, we face a situation in which the minor driver temporarily was grossly incompetent by reason of alcoholic drinks urged on him by defendant, his employer; we have the illegal action of the defendant which procured this minor's drunkenness and consequent temporary incompetency as a driver; and more important and persuasive still we have the action of the defendant in guiding the incompetent minor to his automobile, placing him in the car, and directing him to drive home through city traffic. Obviously, far more is alleged here than in a simple complaint where an attempt is

made to hold a bartender responsible for what a drunken patron may do after consuming the liquor sold to him. The relationship of Huff to Kitchen Boyd Motor Company has thus been modified by the voluntary relationship assumed by Kitchen Boyd Motor Company, and we further have its participation in activating the tort against the plaintiffs. It cannot be forgotten that public policy and, in fact, the criminal law of this state is dead set against the operation of a motor vehicle by a drunken person. (Veh. Code, §§ 23101 and 23102.) Huff thus committed a crime in driving the car, and he was aided and abetted by the defendant. In analyzing the facts of this case, it seems clear to us that Kitchen Boyd Motor Company is alleged to have procured, contrary to law, the improper and illegal driving by Huff of a motor vehicle, and that, in accordance with the mores of the general public, Kitchen Boyd Motor Company should be held responsible for what resulted.

How would this case differ in essential fact from the following:

(1) A defendant fires a machine gun at random down a street and hits a pedestrian;

(2) A big game hunter captures a tiger in India, brings him to America, keeps him in a cage in his backyard, and ultimately opens the door and releases him with the result that he claws a child in the public streets;

(3) The guard or keeper of an insane person, knowing of that person's propensities for injuring others, fails to take any precaution while conveying the insane person to the asylum, and injury is effected;

(4) As a publicity stunt, during a community celebration, a partnership induces and promotes a race between blind automobile drivers along a city street and someone is injured as a consequence?

Good conscience, and we believe the law, would hold each of these theoretical defendants responsible. Here, the defendant placed an obviously drunken minor in the driver's seat of an automobile and ordered him to go home through traffic. The defendant activated the tort, and anyone hurt as a consequence should be entitled to recover from it.

California courts have repeatedly held that when the owner of a car, or one having control, turns over the driving to a person acting under the influence of liquor, such owner is responsible for the tort which follows. (*Caccamo* v. *Swanston,* 94 Cal.App.2d 957 [212 P.2d 246] ; *Schomaker* v. *Provoo,* 96

Cal.App.2d 738 [216 P.2d 562].) This is the same rule essentially as that which applies to the lending of one's car to a driver who is incompetent for reasons other than intoxication. (*Buelke* v. *Levenstadt,* 190 Cal. 684 [214 P. 42]; *Rocca* v. *Steinmetz,* 61 Cal.App. 102 [214 P. 257]; *McCalla* v. *Grosse,* 42 Cal.App.2d 546 [109 P.2d 358]; *Owens* v. *Carmichael's U-Drive Autos, Inc.,* 116 Cal.App. 348 [2 P.2d 580]; *Schifflette* v. *Walkup Drayage etc. Co.,* 74 Cal.App.2d 903 [169 P.2d 996]; *Johnson* v. *Casetta,* 197 Cal.App.2d 272 [17 Cal.Rptr. 81]; *Nault* v. *Smith,* 194 Cal.App.2d 257 [14 Cal.Rptr. 889].) If this conclusion is proper, and it appears that the California courts have consistently enforced it, we conclude that the applicable principle is the same when, by voluntary action, persons having a special relationship with a drunken minor employee induce the improper operation of an automobile not owned by them. The ownership of the car in the cases above cited is important only because it indicates some right to control the situation by the owner of the car. Here, the defendant, because of other factors, also had control of the situation. Liability should follow.

The judgment is reversed, with direction to the trial court to set aside the dismissal of the action and the ruling heretofore made sustaining the demurrer to the complaint, and with further directions to overrule the demurrer.

Stone, J., and Gargano, J., concurred.

A petition for a rehearing was denied August 12, 1968, and appellants' petition for a hearing by the Supreme Court was denied October 23, 1968. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.