[Civ. No. 1407. Fifth Dist. Mar. 16, 1972.]

TERRY BROCKETT et al., Plaintiffs and Appellants, v.
KITCHEN BOYD MOTOR COMPANY, Defendant and Respondent.

**COUNSEL**

Sims & Solomon and Gabriel W. Solomon for Plaintiffs and Appellants.

Borton, Petrini, Conron, Wetteroth, Hitchcock, Werdel & Kuhs and Richard E. Hitchcock for Defendant and Respondent.

**OPINION**

**GARGANO, J.**—For the second time, this case is before us; this time in a different posture and in a different climate. We are now called upon to decide, squarely, whether the umbrella of social drinking, in an era in which social drinking is a way of life for many, shields from civil liability, the actor who knowingly and wilfully plies a minor with intoxicating liquor with the knowledge that the minor is going to drive an automobile on the public highways.

The chronology follows:

Plaintiffs instituted this action in the court below against Kitchen Boyd Motor Company, a co-partnership, to recover damages for personal injuries sustained in an automobile accident. The complaint, inter alia, alleged that plaintiffs were injured when the automobile in which they were riding was struck by a Ford Thunderbird driven by Jimmie Leon Huff, an intoxicated minor of the age of 19 years; that Huff was an employee of the

defendant partnership; that his intoxication was induced by the employer as the result of a Chrismas party at which defendant served the minor with copious amounts of liquor; and that defendant placed Huff in his automobile and directed him to drive the vehicle through traffic to his home.

The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action; the demurrer was sustained on that ground without leave to amend; there followed a judgment of dismissal. Plaintiffs appealed.

We reversed the judgment primarily because plaintiffs' complaint alleged that defendant placed the minor in his automobile while he was in a grossly intoxicated condition and directed him to drive the car through traffic to his home. (*Brockett* v. *Kitchen Boyd Motor Co.,* 264 Cal.App.2d 69 [70 Cal. Rptr. 136].) We concluded that those allegations removed the complaint from within the pale of *Fleckner* v. *Dionne,* 94 Cal.App.2d 246 [210 P.2d 530], and its progeny; the *Fleckner* case embraced the common law proposition that a person injured as the result of another's intoxication has no recourse against the supplier of the alcoholic beverage because it is the consumption of the beverage, not the furnishing, that is the proximate cause of the injury. (45 Am.Jur.2d, Intoxicating Liquors, § 554, p. 853.) As we said at pages 72 and 73 of the *Brockett* opinion, *supra*: ". . . and more important and persuasive still we have the action of the defendant in guiding the incompetent minor to his automobile, placing him in the car, and directing him to drive home through city traffic. Obviously, far more is alleged here than in a simple complaint where an attempt is made to hold a bartender responsible for what a drunken patron may do after consuming the liquor sold to him. The relationship of Huff to Kitchen Boyd Motor Company has thus been modified by the voluntary relationship assumed by Kitchen Boyd Motor Company, and we further have its participation in activating the tort against the plaintiffs."

Following the reversal, plaintiffs, who sought a repudiation of *Fleckner* v. *Dionne, supra,* 94 Cal.App.2d 246, voluntarily amended their complaint and deleted the allegations on which the *Brockett* opinion had focused. Defendant again interposed a general demurrer, and, as before, the demurrer was sustained without leave to amend. For the second time, plaintiffs appealed from the judgment entered on the order of dismissal.

The common law rule, immunizing the furnisher of liquor from civil liability, has been picturesquely described as a "back-eddy running counter to the mainstream of modern tort doctrine." (*Fuller* v. *Standard Stations, Inc.,* 250 Cal.App.2d 687, 691 [58 Cal.Rptr. 792].) In some states the rule has been partially eliminated by statutes, known as "Dram Shop Acts";

these statutes impose liability on vendors of intoxicating beverages for injuries caused by the intoxication of persons to whom the beverages are sold. In other states, the specious reasoning of the common law has been modified by judicial fiat; liability is imposed when, in contravention of a statute, liquor is sold to intoxicated persons or to a minor. (45 Am.Jur.2d, Intoxicating Liquors, § 555, p. 854.) Until recently California rejected the enlightened viewpoint. (*Cole* v. *Rush,* 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137]; *Fleckner* v. *Dionne, supra,* 94 Cal.App.2d 246; *Hitson* v. *Dwyer,* 61 Cal.App.2d 803 [143 P.2d 952].)

In June 1971 the California Supreme Court unmasked the common law fiction; it declared that the real question to be decided in each case is one not of probable cause but rather whether the defendant is guilty of a breach of duty to the injured party. The high court, in *Vesely* v. *Sager,* 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], held that a commercial supplier, who in violation of Business and Professions Code section 25602, furnishes liquor to an intoxicated person, breaches a duty to anyone who is injured as a result of the intoxication. Because this landmark decision will have a profound effect on judicial thinking, we quote at length from pages 164 to 167 of the opinion:

"A duty of care, and the attendant standard of conduct required of a reasonable man, may of course be found in a legislative enactment which does not provide for civil liability. (See *Richards* v. *Stanley* (1954) 43 Cal.2d 60, 63 [271 P.2d 23]; *Routh* v. *Quinn* (1942) 20 Cal.2d 488, 492 [127 P.2d 1, 149 A.L.R. 215]; 2 Witkin, Summary of Cal. Law (1960) Torts, § 234.) In this state a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute. (*Alarid* v. *Vanier* (1958) 50 Cal.2d 617 [327 P.2d 897]; *Satterlee* v. *Orange Glenn School Dist.* (1947) 29 Cal.2d 581 [177 P.2d 279].) The Legislature has recently codified this presumption with the adoption of Evidence Code section 669: 'The failure of a person to exercise due care is presumed if: (1) He violated a statute, ordinance, or regulation of a public entity; (2) The violation proximately caused death or injury to person or property; (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.' (Subd. (a).)

"In the instant case a duty of care is imposed upon defendant Sager by Business and Professions Code section 25602, which provides: 'Every

person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor.' This provision was enacted as part of the Alcoholic Beverage Control Act of 1935 (Stats. 1935, ch. 330, § 62, at p. 1151) and was adopted for the purpose of protecting members of the general public from injuries to person and damage to property resulting from the excessive use of intoxicating liquor.

"Our conclusion concerning the legislative purpose in adopting section 25602 is compelled by Business and Professions Code section 23001, which states that one of the purposes of the Alcoholic Beverage Control Act is to protect the safety of the people of this state. Moreover, our interpretation of section 25602 finds support in the decisions of those jurisdictions in which similar statutes, and statutes prohibiting the sale of alcoholic beverages to minors, have been found to have been enacted for the purpose of protecting members of the general public against injuries resulting from intoxication. (See *Waynick* v. *Chicago's Last Department Store, supra,* 269 F.2d 322, at p. 325; *Deeds* v. *United States, supra,* 306 F.Supp. 348, at p. 359; *Davis* v. *Shiappacossee, supra,* 155 So.2d 365, at p. 367; *Elder* v. *Fisher, supra,* 247 Ind. 598, at p. 603; *Rappaport* v. *Nichols, supra,* 31 N.J. 188, at p. 202.)

"From the facts alleged in the complaint it appears that plaintiff is within the class of persons for whose protection section 25602 was enacted and that the injuries he suffered resulted from an occurrence that the statute was designed to prevent. Accordingly, if these two elements are proved at trial, and if it is established that Sager violated section 25602 and that the violation proximately caused plaintiff's injuries, a presumption will arise that Sager was negligent in furnishing alcoholic beverages to O'Connell. (See Evid. Code, § 669.)

"Defendant Sager maintains, however, that a change in the common law rule governing the liability of a tavern keeper to an injured third person is unwarranted and that if there is to be a change in the rule, it should be made by the Legislature, not by the courts. As to the first part of his argument, defendant contends that imposition of civil liability upon tavern keepers would not alter the extent to which the consumption of intoxicants contributes to automobile accidents and that such liability would not be' an adequate deterrent to the unlawful sale of alcoholic beverages. Moreover, defendant asserts that the injured third person is already assured of compensation of his injuries by Vehicle Code sections 16000-16053 and Insurance Code section 11580.2. Concerning the second part of his argument, defendant maintains the Legislature is better equipped to determine

whether civil liability should be imposed for furnishing alcoholic beverages to an individual who injures himself or third persons. Defendant contends that the decision to impose liability presents various questions as to the scope of such liability, e.g., whether an intoxicated patron ought to recover for injuries sustained as a result of his intoxication and whether liability should be imposed upon a package liquor store or a noncommercial furnisher of intoxicating liquor. Because of the existence of these and other questions, defendant argues that the entire matter of civil liability for furnishing alcoholic beverages should be left to the Legislature.

"Defendant's arguments that the question of civil liability for tavern keepers should be left to future legislative action is faulty in two respects. First, liability has been denied in cases such as the one before us solely because of the judicially created rule that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication. As demonstrated, *supra,* this rule is patently unsound and totally inconsistent with the principles of proximate cause established in other areas of negligence law. Other common law tort rules which were determined to be lacking in validity have been abrogated by this court (see *Gibson* v. *Gibson* (1971) 3 Cal.3d 914 [92 Cal.Rptr. 288, 479 P.2d 648]; *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457), and there is no sound reason for retaining the common law rule presented in this case. Second, the Legislature has expressed its intention in this area with the adoption of Evidence Code section 669, and Business and Professions Code section 25602. The California Law Revision Commission's recommendation relating to Evidence Code section 669 states that the presumption contained in the section 'should be classified as a presumption affecting the burden of proof *in order to further the public policies expressed in the various statutes, ordinances, and regulations to which it applies.'* (Italics added; Cal.Law Revision Com. Rep., p. 109; see, Evid. Code, § 605.) It is clear that Business and Professions Code section 25602 is a statute to which this presumption applies and that the policy expressed in the statute is to promote the safety of the people of California (see Bus. & Prof. Code, § 23001). To accept defendant's contentions and hold that plaintiff's complaint does not state a cause of action would be to thwart the legislative policies expressed in both statutes."

■ Respondent points out that the Supreme Court narrowed the perimeter of the *Vesely* decision to commercial vendors; the court did not "decide whether a noncommercial furnisher of alcoholic beverages may be subject to civil liability under section 25602 or whether a person who is served alcoholic beverages in violation of the statute may recover for injuries suffered as a result of that violation." Nevertheless, the rationale of the

*Vesely* decision charts the course to be followed in this state. We consider the problem presented in this appeal with this premise in mind.

Under section 25658 of the Business and Professions Code *every* person who sells, *furnishes* or *gives* any alcoholic beverage to a minor is guilty of a misdemeanor. The precise question, therefore, is this: Now that the California Supreme Court has applied common sense to a segment of the California tort law where this commodity was noticeably lacking and has paved the way to a forthright approach to litigation involving injuries caused by intoxicated persons who drive vehicles on the public highways, does the common law immunity still protect the noncommercial purveyor of alcohol who, in wilful disregard of the statutory proscription, causes a minor's intoxication?

The answer to the question is obvious. Section 25658 was adopted and amended by the California Legislature, presumably because the legislative body believed that most minors are neither physically nor mentally equipped to handle the consumption of intoxicating liquor. Moreover, the section was enacted as part of the Alcoholic Beverage Control Act of 1935 (Stats. 1935, ch. 330, § 61 at p. 1151), and like section 25602 "was adopted for the purpose of protecting members of the general public from injuries . . . resulting from the excessive use of intoxicating liquor." (*Vesely* v. *Sager, supra,* 5 Cal.3d 153, 165.) Clearly, the impeccable logic of *Vesely* impels the conclusion that any person, whether he is in the business of dispensing alcoholic beverages or not, who disregards the legislative mandate breaches a duty to anyone who is injured as a result of the minor's intoxication and for whose benefit the statute was enacted. If one wilfully disobeys the law and knowingly furnishes liquor to a minor with knowledge that the minor is going to drive a vehicle on the public highways, as alleged in this case, he must face the consequences. The law, as well as good sense, can demand no less. (*Deeds* v. *United States,* 306 F.Supp. 348.)

Respondent suggests that if we lift the common law immunity of non-commercial suppliers of alcohol, we will subject every social host to civil liability for injuries caused by intoxicated guests and will soon flood the courts with a myriad of perplexing problems. Following are a few examples: How is an unsophisticated social host to determine when a guest has reached his alcoholic tolerance; to what extent is a host to supervise social activities; is a host required to ignore social convention by refusing to serve a guest a drink because he merely suspects the guest may be intoxicated?

We do not reach the broad question as to whether a host at a social

gathering is subject to liability under section 25602 for injuries caused by intoxicated guests. Section 25658 is directed to a special class; it pertains to young people who because of their tender years and inexperience are unable to cope with the imbibing of alcoholic beverages. Under this section a person's duty is unequivocal; it requires no expertise to perform; it involves no exercise of judgment, nor is one faced with undue difficulties because of traditional niceties or convention or compulsion.

It is suggested that the extension of the *Vesely* rationale to furnishers of alcoholic beverages to minors imposes almost absolute liability on vendors and on every parent who keeps intoxicating liquor in the home. As we have stated, the scope of this decision is limited to the facts as alleged in plaintiffs' complaint, that the minor's intoxication was induced by his employer as the result of a Christmas party where the employer did *knowingly make available* to the minor copious amounts of intoxicating beverage with knowledge that the minor was going to drive a vehicle upon the public highways. For the purpose of this appeal, we must assume that these allegations are true.

The judgment is reversed with directions to the trial court to set aside the dismissal of the action, and the ruling heretofore made sustaining the demurrer to the complaint with further directions to overrule the demurrer.

Stone, P. J., concurred.

Brown (G. A.), J., being disqualified, did not participate.