**UNITED SCOTTISH INSURANCE, Kathryn Fleming, Maxine Cearley, Simone Weaver & John W. Dowdle, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 81–5062.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1982.

Decided Oct. 8, 1982.

John C. Hoyle, Washington, D. C., Robert R. Smiley, III, Smiley & Lear, Washington, D. C., for defendant-appellant.

Richard F. Gerry, San Diego, Cal., for plaintiffs-appellees.

Appeal from the United States District Court for the Southern District of California.

Before CHAMBERS, GOODWIN and PREGERSON, Circuit Judges.

GOODWIN, Circuit Judge.

Fourteen years ago an air taxi crashed in Nevada because a defective fuel line for a gasoline-burning cabin heater caught fire in flight. The aircraft had been inspected and certified for airworthiness by the Federal Aviation Administration (F.A.A.). This is the second appeal to this court. The pertinent facts and most of the applicable law are set forth in our earlier opinion. *United Scottish Ins. Co. v. United States,* 614 F.2d 188 (9th Cir. 1979).

This case was remanded to the district court to determine whether California courts would impose a duty of due care by applying the good samaritan doctrine, formulated in Restatement Second, Torts, §§ 323 and 324A and, if so, whether, under the facts of this case, California courts would find this duty breached if a private person had conducted the inspection and issued the certificate of airworthiness in question.

The trial judge, citing California cases,[1] answered both questions in the affirmative and confirmed the judgment earlier entered on behalf of plaintiffs under the Federal Tort Claims Act. 28 U.S.C. § 2671, *et seq.*

In this second appeal, the government challenges the trial court's rulings on the application of the good samaritan rule and also challenges the trial court's rulings on other questions left open in the first appeal.

■ In order for good samaritan liability to lie under §§ 323 or 324A the defendant must have undertaken to render a service to the injured party or to another for the protection of the injured party. This service must have either increased the risk of injury to the person injured or caused that person to rely on proper performance of the service. *See S. A. Empresa de Viacao (Var-*

---

1. *Coffee v. McDonnell-Douglas Corp.,* 8 Cal.3d 551, 105 Cal.Rptr. 358, 503 P.2d 1366 (1972); *Schwartz v. Helms Bakery Limited,* 67 Cal.2d 232, 60 Cal.Rptr. 510, 430 P.2d 68 (1967); *Brockett v. Kitchen Boyd Motor Company,* 264 Cal.App.2d 69, 70 Cal.Rptr. 136 (1968).

*ig Airlines) v. United States,* 692 F.2d 1205 (decided this day, 9th Cir.).

Because the trial court held that the F.A. A.'s inspection did not increase the risk of harm to the plaintiff, the United States appeals on the remaining grounds that it was not performing a service and that, in any case, no plaintiff relied on the F.A.A.'s inspection of the cabin heater. The government also renews the contention that its inspection falls within the misrepresentation and discretionary function exceptions to the Federal Tort Claims Act, 28 U.S.C. § 2680(a) and (h). These contentions were left open in the first appeal.

### 1. *Service*

■ The government argues that it was performing regulatory duties rather than rendering a service to another person, either for that person's benefit, as required by Restatement Second, Torts, § 323, or for the benefit of a third person, as required by § 324A. The government cites *Roberson v. United States,* 382 F.2d 714 (9th Cir. 1967), in which we held that the government's voluntary safety inspection activities at Glen Canyon Dam were not an undertaking to render services to the contractor or to workers injured by a negligently maintained piece of construction equipment.

In *Roberson,* however, the government had reserved the right of inspection under its contract with the builder. We concluded that the inspection was not a service to others but a function by which the government "sought only to protect its own interest, namely to assure itself that the contractor was performing in the manner required of it under the contract." *Id.* at 721.

In inspecting and certifying the deHaviland Dove aircraft in this case, the United States had no comparable interest of its own to protect. As the government itself acknowledges, the F.A.A.'s regulatory activities are performed for the public as a whole. When voluntarily performing activities solely for the safety of the public, the F.A.A. performs a service for others. *See Arney v. United States,* 479 F.2d 653 (9th Cir. 1973).

### 2. *Reliance*

■ The district court, in holding that the victims relied on the F.A.A. inspection, correctly pointed out that the relationship F.A.A. inspectors have with pilots, owners, and passengers is imbued with reliance. The United States, until it voluntarily undertook to do so, had no duty to occupy the field of aircraft inspection and certification. Having chosen to make aircraft safety inspections and to certify the results, the government reasonably could expect that members of the public would rely on the government's certification of airworthiness. *S. A. Empresa de/Viacao (Varig Airlines) v. United States, supra.* The careful performance of aircraft inspections is the essence of the government's duty, once the inspections are undertaken. *In re Air Crash Disaster Near Silver Plume, Colo.,* 445 F.Supp. 384 (D.Kan.1977).

The district court's analysis of service and reliance under the good samaritan rule were therefore free from error.

### 3. *Misrepresentation exception*

■ The Federal Tort Claims Act does not impose governmental liability for "[a]ny claim arising out of ... misrepresentation ...." 28 U.S.C. § 2680(h). The government contends that the plaintiffs' claim is, in fact, an action for misrepresentation rather than for negligence.

The basis of the plaintiffs' claim, however, is not the misrepresentation or misinformation contained in the certificate, but the negligence of the F.A.A.'s inspection on which the airworthiness certificate was issued. As the court in the *Silver Plume* case said: "[i]t is the inspection undertaken to protect air travelers from certain dangers which is relied upon by such travelers and which, if negligently performed, gives rise to the very dangers the inspection intended to prevent. The certification is a reporting of results of such inspection...." *In Re Air Crash Disaster Near Silver Plume, Colorado,* 445 F.Supp. at 409. *See also Neal v. Bergland,* 646 F.2d 1178, 1183–84 (6th Cir. 1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2267, 73 L.Ed.2d 1282 (1982).

Because plaintiffs relied on the F.A.A.'s aircraft inspection undertaken to protect passengers, the government's misrepresentation argument, based on a certificate issued improperly, is unpersuasive. *S. A. Empresa de Viacao (Varig Airlines) v. United States, supra.* The district court's finding that the misrepresentation exception is inapplicable is correct as a matter of law.

4. *Discretionary Function Exception*

 The Federal Tort Claims Act does not impose governmental tort liability for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The government argues that its regulation of the airline industry is a discretionary function and that liability for its negligent performance of that function is therefore excluded. The Supreme Court in *Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), states that a discretionary function necessarily "includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion." *Id.* at 35–36, 73 S.Ct. at 967.

All aircraft must comply with F.A.A. requirements in order to be certified as airworthy and thereafter placed in operation. F.A.A. officials enforce the requirements by inspecting the aircraft, but cannot in any way change or waive safety requirements. Because no room for policy judgment or decision exists, a discretionary function is not being performed, and the trial court correctly refused to protect the government under the discretionary function clause.

Affirmed.

CHAMBERS, Circuit Judge, concurring:

It is apparent that if we affirm United Scottish Insurance, we must reverse Varig Airlines. I believe that the development of the law on the Federal Torts Claims Act has overtaken me and that I must affirm the former and reverse the latter. Most of us thought when the Federal Torts Claims Act was passed that the discretionary exception to the Federal Torts Claims Act would preclude recovery on the facts of the two cases we decide today, but the developing law seems to have overtaken us. Thus I concur.