742 F.2d 502
 NATURAL GAS PIPELINE COMPANY OF AMERICA, Guardian Industries
Corporation, Carlson Companies, Inc., the Hanna
Mining Company, and Washington Jet,
Inc., Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 84-3526.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 9, 1984.
Decided Sept. 5, 1984.
 
 George W. Gessler, William M. Stevens, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for plaintiffs-appellants.
 Richard R. Stone, Trial Atty., Dept. of Justice, Washington, D.C., for defendant-appellee.
 On Appeal from the United States District Court for the Western District of Washington.
 Before ANDERSON, SKOPIL, and BOOCHEVER, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 Natural Gas Pipeline Co. and the five other appellants contend that the district court erroneously found in favor of the United States on their Federal Tort Claims Act action. Based on the recent Supreme Court decision in United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), --- U.S. ----, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), we remand to the district court to dismiss this action for lack of subject matter jurisdiction.
 
 I. BACKGROUND
 
 2
 The appellants each own Rockwell Sabreliner Model 60 business jets. The Raisbeck Group had developed a modification kit of the Sabreliner, called the Mark V System. The modification involved rebuilding the wings and horizontal stabilizers to increase the range and fuel efficiency of the plane.
 
 
 3
 In 1976, Raisbeck applied for a supplemental type certificate from the FAA. This allowed Raisbeck to modify two Sabreliners according to the Mark V design and test the prototypes. In early 1978, Raisbeck applied for and received a repair station certificate from the FAA, entitling Raisbeck to modify the Sabreliners once the supplemental type certificate issued. In November 1978, after inspection and testing, the FAA issued the supplemental type certificate. At about the same time, Raisbeck received a parts manufacturer approval (pma) from the FAA which entitled it to fabricate parts for the Mark V modification. Raisbeck could then proceed to conduct the modifications on the rest of appellants' Sabreliners. The first two prototypes were planes owned by two of the appellants.
 
 
 4
 The FAA conducted periodic inspection of the Raisbeck plant and the modification process. On October 26, 1979, inspectors from the FAA's Engineering and Manufacturing Division found defects in a modified plane involving misdrilled holes and fatigue on a flap support. Further investigation led the FAA to believe that similar defects may exist on planes already returned to their owners for regular service. On December 7, 1979, the FAA issued an emergency airworthiness directive requiring all Raisbeck-modified planes to be inspected. An FAA audit team was appointed to conduct the inspections. The audit team discovered that Raisbeck had performed very poor workmanship in the modifications, including misdrilling holes, using improper fasteners, and deviating from the certificate specifications.
 
 
 5
 The inspections convinced the FAA to ground all the modified Sabreliners in a January 17, 1980 airworthiness directive. On January 18, 1980, the FAA revoked Raisbeck's repair station certificate and shortly thereafter Raisbeck filed for bankruptcy.
 
 
 6
 On May 12, 1982, the appellants brought this action, claiming the United States was liable under the Federal Tort Claims Act for the negligence of the FAA in issuing and monitoring the certificates. After a non-jury trial, the district court entered judgment for the government based on its conclusion that the FAA had not been negligent.
 
 II. ANALYSIS
 
 7
 The Supreme Court recently announced its decision in Varig Airlines, --- U.S. ----, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), which overturned this circuit's companion cases of S.A. Empresa de Viacao Aerea Rio Grandense v. United States, 692 F.2d 1205 (9th Cir.1982), and United Scottish Insurance v. United States, 692 F.2d 1209 (9th Cir.1982). In Varig the Court held that FAA issuance of a type certificate, a supplemental type certificate, and negligent failure to inspect during the certification process fall within the discretionary function exception to Federal Tort Claims Act jurisdiction, 28 U.S.C. Sec. 2680(a). Although raised by the United States as a defense to the suit brought by the appellants in this case, the district court did not address the issue, apparently believing that our precedent controlled the outcome. The district court instead decided the negligence issue in favor of the government. We find the decision of the Supreme Court in Varig wholly applicable and we therefore affirm the result reached by the district court, but on different grounds. The factual situations in Varig are very similar to that presented in this case. In one of the appeals decided in Varig, the Civil Aeronautics Agency, predecessor to the FAA, was claimed to have negligently inspected and issued a type certificate for an aircraft that did not meet minimum fire safety standards. --- U.S. at ----, 104 S.Ct. at 2758. To obtain a type certificate the aircraft manufacturer submits detailed plans to the FAA and demonstrates compliance with regulations. The FAA reviews the plans and tests and, if satisfied, a type certificate is issued. 14 C.F.R. Sec. 21.11-21.53; see Varig, --- U.S. at ---- & n. 1, 104 S.Ct. at 2758 & n. 1.
 
 
 8
 In the other appeal, the FAA was alleged to have negligently issued a supplemental type certificate that did not meet fire safety requirements. A supplemental type certificate is required when any person alters an aircraft by introducing a major design change. 14 C.F.R. Sec. 21.113; see Varig, --- U.S. at ---- & n. 4, 104 S.Ct. at 2758-59 & n. 4.
 
 
 9
 The Court concluded that these acts fall within the discretionary function exception to the United States' waiver of sovereign immunity which applies to a claim
 
 
 10
 "... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government whether or not the discretion involved be abused."
 
 
 11
 28 U.S.C. Sec. 2680(a).
 
 
 12
 The holding in Varig controls the outcome in this action. Here, the appellants contend that the FAA negligently issued the supplemental type certificate, the repair station certificate and the parts manufacturer approval, and negligently inspected to ensure compliance with those certificates. In essence, the appellants claim that the FAA should have discovered the defects in the Sabreliners sooner.
 
 
 13
 In Varig, the Court emphasized that the manufacturer has "the duty to ensure that an aircraft conforms to FAA safety regulations ... while the FAA retains the responsibility for policing compliance." --- U.S. at ----, 104 S.Ct. at 2766-67 (footnote omitted). Certification and inspection are the primary means by which the FAA polices compliance.
 
 
 14
 Appellants' challenge to the FAA's execution of its responsibility by failing to discover the defects sooner and failing to adequately monitor the Raisbeck operation is barred by the discretionary function exception. "The FAA's implementation of a mechanism for compliance review is plainly discretionary activity of the 'nature and quality' protected by Sec. 2680(a)." Id. at ----, 104 S.Ct. at 2768.
 
 
 15
 We remand to the district court to dismiss this action for lack of subject matter jurisdiction.