**LOCKHEED MARTIN CORPORATION,** Plaintiff,

v.

**RFI SUPPLY, INC.,** formerly known as RFI Communications & Security Systems; Grinnell Corporation, dba Grinnell Fire Protection Systems Company, Defendants,

v.

**Rantec Power Systems, Inc.,** formerly known as Rantec Microwave & Electronics, Inc., Defendant-third-party-plaintiff—Appellant,

v.

**Factory Mutual Research Corp.;** Factory Mutual Insurance Company, as successor in interest for Allendale Mutual Insurance Company, Third-party-defendants—Appellees.

No. 03–15756.

D.C. No. CV–00–20002–JF/SW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 20, 2004.

Randy W. Gimple, Carlson, Calladine and Peterson, San Francisco, CA, for Plaintiff.

Theodore C. Zayner, Sandall & Penrose, Stephan A. Barber, Roper, Majeski, Kohn & Bentley, San Jose, CA, for Defendants.

Mark J. Rogers, Esq., Patrick J. Hagan, Edward E. Hartley, Dillingham & Murphy, San Francisco, CA, for Defendant–Third–Party–Plaintiff–Appellant.

Scott G. Johnson, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN, for Third–Party–Defendants–Appellees.

Before CUDAHY,[*] GRABER, and FISHER, Circuit Judges.

## MEMORANDUM [**]

Third-party Plaintiff Rantec Power Systems (Rantec) appeals from the district court's grant of summary judgment in favor of Third-party Defendants Factory Mutual Research Corporation (FMRC) and Factory Mutual Insurance Company (FMIC) on Rantec's claims for negligence and equitable indemnity. Rantec's claims stem from an accident in December 1996 during which more than 100 telescoping sprinkler assemblies (TSAs) manufactured by Rantec accidentally deployed into Lockheed Martin's Long Compact Range anechoic chamber (LCR). Three of the TSAs broke, resulting in $1.7 million in water damage to Lockheed's LCR. Lockheed sued Rantec, and the parties settled all claims with the exception of Rantec's claims against FMRC and FMIC.

*FMRC*

■ The indemnity provision bars Rantec's negligence and equitable indemnity claims against FMRC. Under the broadly worded provision, Rantec assumes responsibility for "the design, material, workmanship and operation" of its TSAs and agrees to hold FMRC harmless for "any claims and liability to [Rantec] or others for any kind or type of injury or damage ... caused by or in any way connected with any of the services rendered by FMRC, or arising out of any defect accident, damage or injury related to" the TSAs.

Rantec claims that the agreement was intended to cover only TSAs sold in the future. The limited reading of the indemnity provision that Rantec proposes "would deprive the indemnitee of the benefit of its bargain and read out of the contract essential provisions intended by the parties to govern their relationship." *Morton Thiokol, Inc. v. Metal Bldg. Alteration Co.*, 193 Cal.App.3d 1025, 238 Cal.Rptr. 722, 725 (1987). The indemnity provision covers all claims "related to the product," with no conditions on when the product was sold or installed.

Rantec's argument that the indemnity provision covers only "passive" negligence is similarly unpersuasive. Under California law, the active-passive rubric is "merely a tool to be used to ascertain the intent

---

[*] The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the parties." *Rooz v. Kimmel,* 55 Cal. App.4th 573, 64 Cal.Rptr.2d 177, 184 (1997) (internal quotation marks omitted). *See also Morton Thiokol,* 238 Cal.Rptr. at 725 (holding that "the active-passive rubric ought not to be wholly dispositive, ... instead the enforceability of an indemnity agreement shall primarily turn upon a reasonable interpretation of the intent of the parties"). We have also declined to apply the active-passive rubric when "[i]t would only be in remote circumstances that passive negligence would be contemplated." *M/V Am. Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1490–91 (9th Cir.1983). Here, the indemnity provision clearly applies to the "services rendered by FMRC" in connection with the approval process.

Finally, the indemnity provision covers "any claims and liability to [Rantec] or *others.*" (Emphasis added.) Thus, even assuming that FMRC owed a duty to Lockheed, the indemnity provision would bar Rantec's claim for equitable indemnity.

We therefore affirm the district court's grant of summary judgment in favor of FMRC.

## FMIC

### 1. *Negligence*

█ The district court properly granted summary judgment in favor of FMIC on Rantec's negligence claim premised on the third-party negligent-undertaking doctrine. Even when drawing all reasonable inferences in Rantec's favor, the evidence before the court failed to show that FMIC owed a duty to Rantec or undertook a specific duty that it should have "recognized as necessary" for Rantec's protection. Restatement (Second) Torts, § 324A (1965).[1] Further, Rantec alleged no "physical harm," within the meaning of section 324A. Under California law, Rantec's purely economic losses—lost sales and profits allegedly resulting from intentional negative comments made "by FMIC—are not recoverable in an action for negligence. *See Felton v. Schaeffer,* 229 Cal.App.3d 229, 279 Cal.Rptr. 713, 718–19 (1991) (rejecting a claim for negligence based on the publication of false information).

We therefore affirm the district court's grant of summary judgment in favor of FMIC on Rantec's negligence claim.

### 2. *Equitable Indemnity*

Again relying on the negligent-undertaking doctrine,[2] Rantec argues that FMIC is liable to Rantec under principles of equitable indemnity. Equitable indemnity from one tortfeasor to another "can apply to acts that are concurrent or successive, joint or several, as long as they create a detriment caused by several actors." *BFGC Architects Planners, Inc. v. Forcum/Mackey Constr. Inc.,* 119 Cal. App.4th 848, 14 Cal.Rptr.3d 721, 723 (2004). We therefore look to FMIC's potential liability to Lockheed.

A party that has voluntarily undertaken to perform services "is under a duty to exercise due care in performance and is liable if (a) his failure to exercise such care increases the risk of such harm, or (b) the

---

1. California courts follow the negligent-undertaking doctrine as formulated in sections 323 and 324A of the Restatement. *United Scottish Ins. v. United States,* 692 F.2d 1209, 1210 (9th Cir.1982), *rev'd on other grounds by United States v. S.A. Empresa de Viacao Aerea Rio Grandense,* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

2. Specifically, Rantec relies on Restatement (Second) of Torts § 323. Section 323 parallels section 324A, except that it addresses liability to the person to whom services are rendered, rather than liability to third parties.

harm is suffered because of the other's reliance upon the undertaking." *Williams v. State*, 34 Cal.3d 18, 192 Cal.Rptr. 233, 664 P.2d 137, 139 (1983) (citing Restatement (Second) Torts § 323). However, as the California Supreme Court has explained, liability under the negligent-undertaking doctrine—or "good Samaritan" rule—is limited:

> The foundational requirement of the good Samaritan rule is that in order for liability to be imposed upon the actor, he must *specifically* have undertaken to perform the task that he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative duty to perform that undertaking carefully.

*Artiglio v. Corning Inc.*, 18 Cal.4th 604, 76 Cal.Rptr.2d 479, 957 P.2d 1313, 1318 (1998) (internal quotation marks omitted) (emphasis added).

The district court resolved this issue by assuming that FMIC had voluntarily undertaken to assist Lockheed in the development of a deployment method for the TSAs, but that the three specific recommendations made by FMIC did not increase the risk of harm. We agree with the district court that, had FMIC's involvement been limited to making those three suggestions, Rantec's equitable indemnity claim would fail. Indeed, we seriously doubt that a California court would impose liability on an insurer under the negligent-undertaking doctrine merely for making limited suggestions to its insured.

■ However, when drawing all reasonable inferences in Rantec's favor, as we must when reviewing the grant of FMIC's motion for summary judgment, FMIC's role in the development of the deployment method may not be so narrowly circumscribed. Rather than merely suggesting minor improvements to a preexisting deployment method, the evidence permits an inference that FMIC affirmatively decided to co-develop that deployment method. For example, an internal memorandum from a representative of FMIC to a representative of FMRC states that "Lockheed['s] Fire Prevention Engineer, *and I . . . came up with the idea* of core drilling a plug out of the foam but not extracting the plug." (Emphasis added.) That memorandum, along with other correspondence in the record, raises a genuine issue of material fact with respect to (1) whether FMIC specifically undertook to develop, along with Lockheed, an alternative to previous deployment methods that had proven unsuccessful, and (2) whether that alternative deployment method itself contributed to the December 1996 incident. The district court thus erred by focusing solely on the three minor improvements suggested by FMIC.

FMIC argues that, even assuming that a duty was owed under the negligent-undertaking doctrine, Rantec has failed to establish causation. The district court granted summary judgment on the issue of causation, but did so without examining whether the deployment method itself—as opposed to the three suggested improvements—increased the risk that the welds on the TSAs would fail, resulting in damage to Lockheed's LCR. We decline to consider the issue of causation in the first instance, particularly given that the precise scope of FMIC's undertaking, if any, has not yet been determined.

We therefore reverse the district court's grant of summary judgment in favor of FMIC on Rantec's equitable indemnity claim.

In summary, we AFFIRM the district court's grant of summary judgment in favor of FMRC on Rantec's negligence and equitable indemnity claims. We AFFIRM the district court's grant of summary judg-

ment in favor of FMIC on Rantec's negligence claim. We REVERSE the district court's grant of summary judgment in favor of FMIC on Rantec's equitable indemnity claim and REMAND. The parties are to bear their own costs on appeal.

