[Civ. No. 11183.   First Appellate District, Division One.—November 27, 1940.]

CRYSTAL MANN, Respondent, v. JOHN F. CHASE et al., Defendants; MARY C. CHASE et al., Appellants.

Booth B. Goodman for Appellants.

Phillip M. Carey for Respondent.

WARD, J.—Plaintiff, as the only heir of Earl Robert Mann, who died of injuries received when an automobile in which he was riding as a guest struck an embankment and overturned, sued John F. Chase, a minor, driver of the car, Franklin D. Chase, its owner and the brother of John, and Mary C. Chase, their mother, who had signed John's application for a driver's license. The court found that the accident was the proximate result of the wilful misconduct of John Chase who was driving in an intoxicated condition, and judgment was rendered as follows: "From Defendant John F. Chase the sum of $10,500.00; from the defendant Franklin D. Chase, as provided in section 402 of the Vehicle Code of the State of California, the sum of $5,000.00, jointly and severally with said defendant John F. Chase; and from the defendant Mary C. Chase, as provided in section 352 of said Vehicle Code, the sum of $5,000.00, jointly and severally with said defendant John F. Chase; . . . " Mrs. Chase and her son Franklin appeal.

It will not be necessary herein to discuss the finding of wilful misconduct other than as it refers to the intoxication of John F. Chase, as the finding in that regard is sufficient to sustain the judgment.

On the night of the accident, respondent's son, a young man twenty-two years of age, in company with John F. Chase and Robert Leslie Rodriguiz, both minors, left Berkeley in Alameda County to go to a swimming pool at Orinda, in the

adjoining county of Contra Costa. On the way they stopped at a liquor store where, with money contributed by the three, Mann purchased two half-gallon jugs of beer, which he placed in the car being driven by John Chase, in which the three were riding. At the swimming pool, part of the beer was removed from the car and consumed, Chase drinking some of it. There is evidence that with friends or acquaintances in another party, he also drank whiskey. Mann remained in the pool for the greater part of the time, but on several occasions he, too, drank of the beer. The three left the pool shortly after midnight and started their return trip to Berkeley, part of which took them over a road having many turns and a decided downgrade. On one of these curves, John Chase, swerving to avoid an oncoming car, to which his attention had been called by Rodriguiz, drove into an enbankment and the car overturned.

Appellants urge that respondent's son was guilty of contributory negligence which as a matter of law proximately contributed to the accident. The question involved may be stated as follows: If an adult guest in an automobile operated by a minor, purchases intoxicating liquor, in the consumption of which and of further liquor from another source, the minor participates, and by reason of the ensuing intoxicated condition of the minor he loses control of and overturns the machine, causing the death of the adult guest, is such guest guilty of contributory negligence barring recovery by his heirs?

The problem of whether, when the driver of a vehicle and a guest have been drinking, it may be found from the evidence that the driver was intoxicated, but that the guest, if it is not shown that he knew of the driver's intoxicated condition when he entered the car, or thereafter discovered it and had a chance to leave the car at a safe place, was free from contributory negligence, is one to be decided by the trier of the facts. If intoxication ensues, it is not the intoxication *per se*, but the knowledge of the guest that such intoxication exists, that brings the guest into the category of a possible contributor to the negligence of the driver. This is a question of fact and not one of law. (*Lindemann* v. *San Joaquin Cotton Oil Co*, 5 Cal. (2d) 480 [55 Pac. (2d) 870].) In *McMahon* v. *Schindler*, 38 Cal. App. (2d) 642, 646 [102 Pac. (2d) 378], the court said: " . . . that it becomes a

question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference pointing unerringly to the negligence of the plaintiff contributing to the injury.'' The antecedent behavior of the decedent is immaterial except as a circumstance to be considered in determining the requisite care he should have used if he knew that John Chase was intoxicated. The furnishing of the liquor may be a signal of danger, but the actual intoxication is generally the proximate cause of the accident. While a reasonable inference may be drawn that Mann knew the beer was to be consumed at the swimming pool, our attention has not been called to any evidence showing that he knew Chase had partaken of whiskey, and there is no evidence that he knew Chase was in an intoxicated condition.

██ Contributory negligence in this case can only be predicated upon the fact, if such were found to exist, that the purchasing of the beer by the decedent for Chase and his guests was in fact the giving or furnishing of liquor to a ''person under the age of twenty-one years'' and that such furnishing was the proximate cause of the accident. (Sec. 61, Alcoholic Beverage Control Act; Stats. 1935, p. 1123, as amended Stats. 1937, p. 2175.)

The giving of liquor to a minor is unlawful but not necessarily the proximate cause of an accident which may follow. If appellants' position should be sustained, it would result in holding that the giving of liquor to a minor creates a conclusive presumption against the donor that the minor will become intoxicated. Where the basis of recovery or denial in a negligence action is predicated upon a violation of the law, such violation must be a proximate cause of the accident, otherwise the violation is immaterial. It cannot be reasonably contended that the mere furnishing of the liquor, independent of its subsequent use and effect, contributed directly to the accident. ██ Its mere consumption, without resulting intoxication, would not bring the case within the purview of Vehicle Code, section 403.

██ In a negligence case it is essential to establish a causal connection between a wrongful act and the resulting injury; and the unlawful act, with no independent intervening agency, must be the efficient cause. In this case the proximate cause was the intoxication resulting from the consumption of liquor, and the driving of the car by Chase while so

intoxicated. The furnishing of the liquor was only remotely connected with the cause of the accident and contributed, if at all, only indirectly to the injury.

The contributory negligence of the deceased is the only subject contained in appellants' "statement of question involved".

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1941. Curtis, J., and Edmonds, J., voted for a hearing.