**Martha ALSUP, Appellant,**

v.

**GARVIN–WIENKE, INC., Appellee.**

No. 77–1693.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1978.

Decided June 23, 1978.

462

Francis L. Ruppert, St. Louis, Mo., argued and on brief, for appellant.

Charles E. Gray, St. Louis, Mo., argued and on brief, for appellee.

Before LAY and HENLEY, Circuit Judges, and HANSON, Senior District Judge.*

HENLEY, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Missouri (Chief Judge James H. Meredith) in a diversity case dismissing appellant's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

The facts alleged in appellant's complaint, which for the purposes of this appeal must be taken as true, may be summarized as follows. On November 17, 1975 appellee, Garvin-Wienke, Inc., a tavern owner licensed to sell intoxicating liquors under the laws of the State of Missouri, sold intoxicating liquor to Kathy Starbuck, knowing that she was an intoxicated person under twenty-one years of age. Appellee knew that Ms. Starbuck would operate an automobile on Missouri highways immediately after consuming that intoxicating liquor, and knew that her operation of that automobile would constitute an unreasonable hazard and risk of harm to the public.

Immediately after consuming said intoxicating liquor, Ms. Starbuck operated her automobile in the wrong direction (westbound in the eastbound lanes) of Interstate Highway 70 in St. Louis, Missouri, colliding with appellant's automobile which was travelling eastbound in an eastbound lane, injuring appellant. Appellant alleged the sale of intoxicating liquor to Ms. Starbuck was in violation of Mo.Rev.Stat. § 311.310 which prohibits the sale or giving away of intoxicating liquors by any person other than a parent or guardian, to any person under the age of twenty-one years or to any person intoxicated or appearing to be in a state of intoxication. Mo.Rev.Stat. § 311.-880 provides that violation of § 311.310 constituted a misdemeanor.

Appellant asserts the district court erred in granting appellee's motion to dismiss for three reasons. First, appellant argues that if presented with the issue, the Missouri courts would adopt what is said to be the modern view set out in *Vesely v. Sager,* 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151 (1971), in which the California Supreme Court rejected the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by the intoxicated person. Second, appellant argues that the common law rule of no proximate cause is inapplicable where the person furnished the intoxicating liquor is a minor. Third, appellant argues that liability exists based on violation of a Missouri penal statute prohibiting the sale of liquor to minors or obviously intoxicated persons.

These arguments were presented to the district judge who found them unpersuasive. We affirm the order of the district court.

In determining whether the complaint stated a cause of action upon which relief

---

* The Honorable William C. Hanson, United States Senior District Judge, Southern District of Iowa, sitting by designation.

could be granted, the district court was required to apply the substantive law of Missouri. In reviewing a decision turning upon a doubtful question of state law we look to see whether the trial court has reached a permissible conclusion, and we give substantial weight to the district judge's interpretation of the basic policy of the state law. *Fisk v. Security Life & Trust Co., Winston-Salem, North Carolina,* 575 F.2d 1242 (8th Cir. 1978); *Smith v. Nick's Catering Service,* 549 F.2d 1194, 1196 (8th Cir. 1977); *Hysell v. Iowa Public Service Co.,* 534 F.2d 775, 780 (8th Cir. 1976); *Campbell v. Village of Silver Bay, Minnesota,* 315 F.2d 568, 575 (8th Cir. 1963).

Missouri does not have a dramshop act[1] and there are no Missouri cases dealing with the issue of whether a tavern owner who knowingly sells intoxicating liquor to an intoxicated person or to a minor is liable for personal injuries inflicted by that intoxicated person or minor on an innocent third party. However, Missouri is a common law state and the common law of England prior to the fourth year of the reign of James the First (1607) is basic law in the State of Missouri. Mo.Rev.Stat. § 1.010 (1969).

At common law it is not a tort to sell or give intoxicating liquor to an able-bodied person and there is no cause of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished. This is because it is said to be the drinking of the liquor, and not the furnishing of it, which is the proximate cause of the injury. *See Campbell v. Village of Silver Bay, Minnesota, supra,* 315 F.2d at 571; 45 Am.Jur.2d, Intoxicating Liquors, § 553; Annot., 75 A.L.R.2d 834.

Appellant's argument that minors are not able-bodied persons and thus are not within the common law rule is not persuasive and appellant cites no authority in support of this proposition. However, appellant's arguments concerning the likelihood of Missouri adopting a rule of liability for tavern

owners or finding liability based on violation of a penal statute are somewhat more troublesome.

Appellant urges with some force that, if faced with this issue, the courts of Missouri would adopt the rule set out in *Vesely v. Sager, supra,* which rejected the common law rule that the furnishing of alcoholic beverages is not the proximate cause of the injuries suffered by a third person and which based liability on violation of a California statute much like the Missouri statute relied upon in the present case.

Mo.Rev.Stat. § 311.310 (1969) provides:

Any licensee under this chapter, or his employee, who shall sell, vend, give away or otherwise supply any intoxicating liquor in any quantity whatsoever to any person under the age of twenty-one years, or to any person intoxicated or appearing to be in a state of intoxication, or to a habitual drunkard, and any person whomsoever except his or her parent or guardian who shall procure for, sell, give away or otherwise supply intoxicating liquor to any person under the age of twenty-one years, or to any intoxicated person or any person appearing to be in a state of intoxication, or to a habitual drunkard, shall be deemed guilty of a misdemeanor; provided, however, that this section shall not apply to the supplying of intoxicating liquor to a person under the age of twenty-one years for medical purposes only, or to the administering of said intoxicating liquor to any person by a duly licensed physician.

Appellant insists that the purpose of the statute is to protect both the minor and the public of which she is a member, and she relies upon *May Department Stores v. Supervisor of Liquor Control,* 530 S.W.2d 460 (Mo.App.1975). However, the statement in *May* relied upon by appellant is mere dictum and it is by no means clear that by making this statement the court concluded that the legislature in enacting § 311.310

---

1. The legislatures of many states have enacted statutes giving a right of action to persons injured by an intoxicated person against the person selling or furnishing the liquor which caused the intoxication in whole or in part. These statutes are commonly known as civil damage acts or dramshop acts. *See* 45 Am. Jur.2d, Intoxicating Liquors, § 361.

intended to create civil liability in favor of third persons for violation of that statute. We note that no Missouri court has held that § 311.310 constitutes a basis for a civil action against a tavern owner for the sale of intoxicants to a minor resulting in injury to a third person.

While it may or may not be true that the *Vesely* decision incorporates the better rule concerning liability of a tavern owner in present circumstances, it must be kept in mind that it was not the function of the district court, nor is it the function of this court to choose what we feel is the better rule and adopt it as the law of Missouri. Rather, it is our function to determine whether the district court erred in determining that the Missouri courts, if faced with this issue, would adhere to the common law rule that no civil cause of action exists against the tavern owner, and that a violation of Mo.Rev.Stat. § 311.310 does not create a basis for a civil suit upon the facts alleged in the complaint before us.

As indicated, the *Vesely* court rejected the common law rule that furnishing liquor is not the proximate cause of injury inflicted by the drinker and went on to hold that commercial vendors of liquor may be held liable for injuries inflicted by consumers who were served while obviously intoxicated. It is clear, however, that the reasoning of *Vesely* is not limited to commercial vendors of liquor. In *Coulter v. Superior Court of San Mateo County,* 21 Cal.3d 144, 145 Cal.Rptr. 534, 577 P.2d 669 (1978), the California Superior Court found no reason to limit *Vesely* to commercial vendors. There the court interpreted the statute prohibiting furnishing liquor to an obviously intoxicated person as being applicable to social hosts and ruled that a cause of action exists against a social host who serves alcoholic beverages to an obviously intoxicated person knowing that such person intends to drive a motor vehicle. And the court stated that imposition of civil liability on the social host is fully compatible with general negligence principles wholly apart from the statute which provided the basis for the suit.[2]

As *Coulter* demonstrates, once the common law proximate cause of barrier is broken, courts may find it difficult to determine the limits of liability in this area.

Thus, while the rule adopted in *Vesely* may appear at first blush to be the more "enlightened" approach, it appears that grave problems exist in attempting to limit the scope of potential liability once the initial step toward liability is taken. In general, and particularly in light of these problems, we are not convinced of the propriety of a federal court predicating such broad state tort liability by judicial interpretation of statutes enacted long ago and perhaps for different purposes.

We can reasonably assume that if the citizens of Missouri favor dramshop liability, or even broader liability, the Missouri legislature will take appropriate action. We note that two Missouri statutes providing for civil liability of tavern owners in contexts other than the present one have been repealed by the Missouri legislature, indicating lack of public support for dramshop liability in Missouri. *See* Mo.Rev.Stat. of 1899 § 3009 (sale of intoxicants to a minor without his parents' consent) and Mo. Rev.Stat. of 1899 § 3017 (sale of intoxicating liquor to a habitual drunkard after the dramshop keeper had been notified by the wife not to sell to such person). We hesitate to predict a change in the law of Missouri with regard to civil liability of tavern owners where, as here, the Missouri legislature has not chosen to effect such liability and may have demonstrated a trend away from such liability.

Absent statutory dramshop liability and given the questionable interpretation of Mo.

---

**2.** One *Coulter* judge noticed the proximate cause problem of holding a host liable when he serves a drink to a person who is already intoxicated stating it could be argued that the proximate cause of the injury was the original intoxication, and not the additional liquor served after the person had become obviously intoxi- cated. One dissenting judge did not approve of the strict interpretation put on the term "furnish" by the majority and would not limit the cause of action to serving alcohol but would include persons who "participated and encouraged" an intoxicated person's drinking as among those who "furnished" the alcohol.

Rev.Stat. § 311.310 upon which appellant seeks to assert such liability, we defer to the district court's conclusion that the Missouri courts would hold that under present facts a cause of action does not exist.

The order of the district court is affirmed.