[Civ. No. 26430. Fourth Dist., Div. One. Mar. 8, 1982.]

DORIS BURKE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
HOLLY HIGGINS, a Minor, etc., et al., Real Parties in Interest.

**COUNSEL**

Nickoloff & Distel, Thomas O. Nickoloff, Horvitz & Greines, Ellis J. Horvitz, Kent L. Richland and S. Thomas Todd for Petitioner.

No appearance for Respondent.

Ludecke, McGrath & Denton, Steven R. Denton, De Goff & Sherman and Victoria J. De Goff for Real Parties in Interest.

**OPINION**

**BROWN (Gerald), P. J.**—Petitioner, Doris Burke, defendant in an automobile personal injury action, seeks a writ of mandate to compel the trial court to sustain a demurrer to real parties' complaint. ▪ The issue is whether a licensed liquor seller such as petitioner, who sells liquor to a sober person under 21 years of age, may be liable to injured third parties when the buyer becomes intoxicated and injures them by his drunk driving. We conclude the newly enacted statutes limiting li-

ability for the furnishing of alcoholic beverages do not exempt persons in petitioner's position from liability as a matter of law, hence we deny the petition for a writ of mandate.

The alleged facts are: On March 15, 1981, defendant Mark James Wyatt, then aged 19, bought alcoholic beverages from Doris Burke, owner of San Marcos Liquor Store, a licensed seller of such wares. Wyatt went to the beach with four other young persons and became drunk. He drove from the beach at La Jolla Shores in a reckless manner at speeds ranging from 60 to 80 miles per hour and lost control of the vehicle, which flew into the air and crashed upside down. Passenger Ramer was killed. Three other passengers, Holly Higgins, Carol Hoopingarner and Kevin Voeltner were personally injured and have brought this lawsuit against Wyatt for negligence and against Burke, dba San Marcos Liquor Store, for intentionally or negligently selling alcohol to an underage person. The trial court has refused to sustain Burke's demurrer to the fourth and fifth causes of action of the complaint which allege liability of Burke for the injuries based on illegal sale of alcohol in violation of Business and Professions Code section 25658, proximately resulting in the automobile crash and ensuing injuries. The fourth cause of action states Burke was negligent in selling to the underage person, and the fifth cause states she knew or should have known he was less than 21 and he would drink, become intoxicated, and drive, and the sale to him was with conscious disregard for the safety of the plaintiffs and of members of the public.

Burke's demurrer is based on the following recent laws affecting liability for furnishing alcoholic beverages: first Business and Professions Code section 25602 states it is a misdemeanor to sell or furnish liquor to a habitual or common drunkard or obviously intoxicated person, but such furnishing is not a basis of civil liability for injuries resulting from that intoxication. The statute expressly declares a legislative intent to abrogate the judicial decisions in *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]; *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719]; and *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669]. Those cases stated various bases for liability for third party injuries proximately resulting from furnishing alcoholic beverages.

Next, Business and Professions Code section 25602.1 states one exception to the latter statute (§ 25602): licensed sellers of liquor to "any

obviously intoxicated minor" remain civilly liable to injured third parties where the furnishing is the proximate cause of injury.

Finally, Civil Code section 1714 now provides, as a qualification to its statement of general negligence liability, that *Vesely, Bernhard*, and *Coulter, supra*, are abrogated, and the earlier judicial theory is reinstated which held furnishing alcoholic beverages is not the proximate cause of injuries resulting from the intoxication. Consumption is the cause. Further, subdivision (c) of section 1714 says no social host who furnishes alcoholic beverages to any person is legally accountable to the person or any third party, for damages resulting from the consumption.

The California Supreme Court in *Cory* v. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8], held these statutes are constitutional. The facts there dealt with furnishing liquor by a nonlicensed person to an obviously intoxicated "minor" (age not specified); the court found immunity from liability under the new statutes.

Also relevant is a statute predating this controversy, Business and Professions Code section 25658, which says persons selling liquor to anyone under 21 years old are guilty of misdemeanors. The statute enforces California Constitution, article XX, section 22 prohibiting the sale or furnishing of any alcoholic beverage to any person under the age of 21 years.

In liquor furnishing situations, early cases assumed the proximate cause of injuries was the drinking, not the furnishing, hence no civil liability could be based on the furnishing (*Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137]; *Fleckner* v. *Dionne* (1949) 94 Cal.App.2d 246 [210 P.2d 530]). Then the California Supreme Court "applied common sense to a segment of the California tort law where this commodity was noticeably lacking" (*Brockett* v. *Kitchen Boyd Motor Co.* (1972) 24 Cal.App.3d 87, 93 [100 Cal.Rptr. 752]) and held the furnishing could be the proximate cause (*Vesely* v. *Sager, supra*, 5 Cal.3d 153; *Coulter* v. *Superior Court, supra*, 21 Cal.3d 144). That new reasoning was applied to find liability when an employer furnished liquor to "an intoxicated minor of the age of 19 years" in *Brockett* v. *Kitchen Boyd Motor Co., supra*, 24 Cal.App.3d 87, 88. The last chapter of the history is the recent statutes quoted above removing the "applied common sense" and abrogating the proximate cause basis for liability in furnishing alcoholic beverages, except in the situation of licensed furnishing to an obviously intoxicated "minor."

Furnishing to a sober underage person was not specifically addressed at all.

The recent decision in *Cantor* v. *Anderson* (1981) 126 Cal.App.3d 124 [178 Cal.Rptr. 540], found liability could be based on furnishing liquor to a developmentally disabled person with knowledge of his condition. The court regarded the host's knowledge of the peculiar disabilities as a basis for liability to an injured third party not precluded by the host immunity provisions of Civil Code section 1714, *supra.* The case used the same reasoning found in the "special relationship" tort cases where liability for failure to warn or exercise special protective measures is premised on a particular relationship between plaintiff and defendant causing dependence of the plaintiff on defendant and raising a corresponding quasi-fiduciary obligation. (E.g., *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 436 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]; *Ellis* v. *D'Angelo* (1953) 116 Cal.App.2d 310 [253 P.2d 675]; *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352]; *Clemente* v. *State of California* (1980) 101 Cal.App.3d 374 [161 Cal.Rptr. 799].) The court pointed out the doctrine of *Cole* v. *Rush, supra*, (45 Cal.2d 345) precluded liability only for providing liquor to a *competent* person (*Cantor* v. *Anderson, supra*, 126 Cal.App.3d 124, 130).

We are unpersuaded by the argument when the Legislature expressly overruled *Vesely* v. *Sager, supra*, 5 Cal.3d 153, *Bernhard* v. *Harrah's Club, supra*, 16 Cal.3d 313, and *Coulter* v. *Superior Court, supra*, 21 Cal.3d 144, it intended to restore a state of common law precluding any liability to third parties when liquor was furnished to an underage person. No such clearcut state of common law precedent has ever existed. None of the three expressly overruled cases involved furnishing or sales to underage persons. Such "common law," meaning prestatutory, precedent as does exist differs regarding liability when a person under 21 is furnished liquor, drinks, and injures third parties. (See Annot. (1980) 97 A.L.R.3d 528.) Cases finding no third party liability include *Alsup* v. *Garvin-Wienke, Inc.* (8th Cir. 1978) 579 F.2d 461 (Missouri law); *Parsons* v. *Jow* (Wyo. 1971) 480 P.2d 396; *Stanage* v. *Bilbo* (Fla. 1980) 382 So.2d 423 [drunk "minor" got friend drunk who stumbled and shot third friend]; see also *Collier* v. *Stamatis* (1945) 63 Ariz. 285 [162 P.2d 125]. On the other hand, liability to injured third parties was found, without any necessary statutory basis, in the California decision in *Brockett* v. *Kitchen Boyd Motor Co.* (1968) 264 Cal.App.2d 69 [70 Cal.Rptr. 136] [special relationship of employer to 19 year old employ-

ee and foreseeability employee would drive after drinking]; *Davis* v. *Shiappacossee* (Fla. 1963) 155 So.2d 365; *Elder* v. *Fisher* (1966) 247 Ind. 598 [217 N.E.2d 847]; *Rappaport* v. *Nichols* (1959) 31 N.J. 188 [156 A.2d 1, 75 A.L.R.2d 821]; *Wiener* v. *Gamma Phi Chap. of Alpha Tau Omega Fraternity* (1971) 258 Ore. 632 [485 P.2d 18, 53 A.L.R.3d 1276] [host furnishing to "minor" at party, foreseeable he would drive after drinking]; and see allegations in *Waynick* v. *Chicago's Last Department Store* (7th Cir. 1959) 269 F.2d 322.) *Cole* v. *Rush, supra*, 45 Cal.2d 345, the very case establishing nonliability in most instances, pointed out the common law immunity applied to sales to an "ordinary" or "able bodied" man, and exceptions had always existed based on particular vulnerability of the person to whom the liquor was sold (45 Cal.2d at pp. 353-354). The rationale of *Cole* v. *Rush*—lack of proximate cause because of the independent, intervening voluntary act of consumption—presumes the wholly voluntary nature of the drinking of the liquor, and is ipso facto inapplicable when that act is less voluntary and therefore more foreseeable because of the drinker's mental or physical condition. Youth and inexperience make misuse of alcohol more likely when the drinker is under 21; hence the statute making it a misdemeanor to sell to such people, and hence the common law exceptions. Thus, in his dissent in *Cole* v. *Rush, supra*, 45 Cal.2d 345, Justice Carter justifiably pointed out "the rule of the common law with respect to intoxicating beverages is not quite so clearly defined in favor of nonliability as would appear ..." (45 Cal.2d at p. 362.)

We further point out the cases cited in the dissent which found immunity from liability for injuries resulting from furnishing or selling liquor—*Cole* v. *Rush, supra*; *Hitson* v. *Dwyer* (1943) 61 Cal.App.2d 803 [143 P.2d 952]; *Lammers* v. *Pacific Electric Ry. Co.* (1921) 186 Cal. 379 [199 P. 523]; *Mann* v. *Chase* (1940) 41 Cal.App.2d 701 [107 P.2d 498]; and *Fleckner* v. *Dionne, supra*, 94 Cal.App.2d 246 [210 P.2d 530]—with the exception of only *Fleckner* v. *Dionne*, did not involve both furnishing to an underage person and third party liability. Both *Lammers* and *Hitson* involved a plaintiff seeking to recover for his own injuries as a result of the drinking, recovery which would then have been barred by contributory negligence theories in any event. (*Mann* v. *Chase, supra*, 41 Cal.App.2d 701, is similarly distinguishable.) *Cole* similarly was a wrongful death action by the heirs of the decedent who had been furnished the liquor and died in a drunken brawl. Again, recovery was sought for the drinker's own damage (death). Only *Fleckner* v. *Dionne* is squarely in point. That case was a two-to-one decision with no analysis or stated reasons at all, which blindly accepted the parties'

virtual concession common law provided blanket immunity for all furnishing of liquor. That premise was faulty then and is faulty still.

The second *Brockett* decision (24. Cal.App.3d 87) was willing to premise liability for furnishing liquor to a person under 21 squarely on the policy underlying Business and Professions Code section 25658 forbidding sales to such persons. That decision interpreted the statute as reflecting a legislative (and constitutional) finding that people under 21 are not ready to handle the consumption of liquor, and knowing furnishing of liquor to them therefore breaches a public duty, where the furnishing is with knowledge the underage person will drive a vehicle upon the public highways (24 Cal.App.3d at p. 94).[1] The court there said law and common sense demand no less than accountability for the consequences of that statutory breach. Even if, however, that case be regarded as unpersuasive because it follows the legislatively rejected decision in *Vesely* v. *Sager, supra,* 5 Cal.3d 153, nevertheless its conception of the purpose of section 25658 was not involved in any of the legislatively abrogated decisions. Furthermore, the first *Brockett* decision (264 Cal.App.2d 69) had already on common law principles overruled a demurrer to allegations an employer knowingly plied a 19-year-old employee with liquor at a party and then put him in a car and told him to drive home. That case turned on a combination of the special responsibility of the employer for his young employee and the obvious foreseeability the intoxicated employee would drive. Those considerations have not been specifically abrogated by the Legislature and in fact the particular vulnerability of people under 21 is likely the very reason the Legislature preserved liability for furnishing liquor to obviously intoxicated "minors" (§ 25602.1) despite the immunity to third parties for furnishing liquor to obviously intoxicated adults. No other reason appears to warrant disparate treatment of the two classes. As to sober persons under 21, the Legislature made no special exception because none was necessary, there being no blanket immunity at common law or in any statute where illegally furnishing liquor to a sober underage person results in foreseeable injury to a third party.

The cases referred to above finding a common law basis for third party liability resulting from furnishing liquor to underage persons generally rest wholly or partly on the foreseeable nature of the injuries.

---

[1] "Section 25658 is directed to a special class; it pertains to young people who because of their tender years and inexperience are unable to cope with the imbibing of alcoholic beverages." (24 Cal.App.3d at p. 94.)

Foreseeability is the key to liability. In fact, some of the cases denying liability appear to rest more on lack of foreseeability than on any perceived wholesale immunity for liability from furnishing liquor. (That would particularly appear to be true in *Stanage* v. *Bilbo, supra*, 382 So.2d 423, involving the intoxicated friend of the intoxicated "minor" who bought the liquor, the former shooting a third party.) Foreseeability is generally a factual issue which should not be raised on a demurrer. (Thus *Cantor, supra*, 126 Cal.App.3d 124, emphasized liability must now turn on foreseeability of injury from the furnishing, relying on the causal analysis used in *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36].) Here we note there is a good possibility of showing foreseeability, in a state where public transportation is the exception and driving the rule, and where keeping drunk drivers off the roads is a major social concern.

The dissenting opinion points out a supposed anomaly in a shopkeeper being liable for selling to a sober 19-year-old while he is legislatively exempt from liability if the 19-year-old is drunk. First, there is no authority the use of the term "minor" in section 25602.1 means persons less than 18. The statute appears in the part of the Business and Professions Code forbidding liquor transactions to persons less than 21 years of age. For purposes of these statutes "minor" may mean being under 21; section 25602.1 may refer to persons under 21 when it preserves liability for sales to intoxicated "minors." Persons under 21 are the legislatively protected class we deal with here. There is additional evidence, in the form of an uncodified enactment, showing the term "minor" in Business and Professions Code section 25602.1 may have been intended to refer to persons under 21, rather than under 18. The enactment is section 1 of Statutes 1971 chapter 1748, the bill, which among other things, changed the age of minority from 21 to 18 for most legal purposes in this state. That section 1 states: "*Except for* the provisions relating to the minimum voting age, *the provisions relating to minimum age for the sale, purchase or consumption of alcoholic beverages*, the provisions relating to the sentencing and commitment of persons to the Department of the Youth Authority, or the provisions relating to veterans' benefits, *whenever, in any provision of law, the term '21 years of age' or any similar phrase regarding such age appears, it shall be deemed to mean '18 years of age.'*" (Stats. 1971, ch. 1748, p. 3736.) Thus the legislative intent then was to transmute the concept of legal minority from 21 to 18 years of age except in the specific area of alcoholic beverage sales (and other specified exceptions not here relevant). One would infer from this enactment the use of the term

"minor" in the statutory provisions regulating alcoholic beverage sales would continue to refer to persons under 21, rather than under 18. Accordingly, both Civil Code section 25 and the later Civil Code section 25.1 (1973), setting the age of minority at 18, should logically be read in light of the original intent of the Legislature to except the alcoholic beverage regulations from the sweep of the new definition of minority. Otherwise, presumably, the statutes (and the Constitution) affecting alcoholic beverage sales would have been amended to refer everywhere to persons under 18. Interpreting the term "minor" in Business and Professions Code section 25602.1 to refer to persons under 18 is inconsistent with the regulatory scheme as a whole, a disfavored statutory construction result. (See, e.g., *Moyer.* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Second, even if "minor" does mean persons under 18, we have not created the anomaly; rather it is of legislative creation. In overruling such cases as *Vesely* and *Coulter* the Legislature gave no indication it was necessarily familiar with the exceptions for young persons and other vulnerable individuals regarding intoxicating beverage furnishing. It overruled specific cases not involving the issue at all and thereby restored a status quo ante far more complex than it probably realized.

The first *Brockett* decision, *supra*, stated the defendant there may have been guilty of the crime of procuring drunk driving upon the highway (264 Cal.App.2d 69, 73) and should accordingly be held liable for the consequences. "The defendant activated the tort, and anyone hurt as a consequence should be entitled to recover from it." (*Id.*) Similarly here, assuming proximate cause can be proven, the plaintiff is entitled to recover. As stated above, cause is a factual issue which is not properly resolved on demurrer, as the court below perceived.

Real parties also argue they will prove a habitual course of liquor violations and regular sales to people under 21 by Burke, making it not just a proximate but an inevitable result, that some of these young people would become drunk, drive, and injure members of the public. However, these facts as such are not within the record presently before us. The allegations of the complaint state negligent or deliberate furnishing of liquor to the 19-year-old Wyatt was a proximate cause of his drinking, driving, and injuring.

In general tort law, violation of a statutory duty is negligence per se resulting in civil liability if proximate cause can be proved (Evid. Code,

§ 669). Such a violation occurs when a licensed seller sells liquor to a person under 21 (Bus. & Prof. Code, § 25658). Proximate cause is alleged here between the sale and the injuries. Although the Legislature has abrogated such liability in certain specific situations, namely selling or furnishing to obviously intoxicated persons (other than "minors") and social host furnishing to anyone, it has not specifically eliminated liability in the situation we have, licensed sale to a sober underage person. No sound reason occurs to us to warrant extending the legislative exception beyond its necessary compass. Further, the very existence of section 25602.1, the "drunk minor" exception shows the Legislature did not eradicate proximate cause as a basis for liability in all liquor furnishing cases. This is a case where such specific immunity has not been provided, hence does not exist.

The trial court did not err in overruling the demurrer to the complaint alleging petitioner, a licensed seller, sold alcohol to a 19 year old, which act proximately caused him to become intoxicated and precipitate an injury-causing accident.

The petition for a writ of mandate is denied.

Staniforth, J., concurred.

**COLOGNE, J.**—I must respectfully dissent.

Under current law, plaintiffs cannot establish proximate cause which is necessary to create liability (see, generally, 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 488, p. 2749, § 622, p. 2904), even where it is claimed the presumption of negligence exists (Evid. Code, § 669, subd. (a), par. (2)).

It is the law of this state now that the consumption of alcoholic beverages rather than the furnishing of alcoholic beverages is "the proximate cause of injuries inflicted upon another by an intoxicated person" (Bus. & Prof. Code, § 25602, subd. (c); Civ. Code, § 1714, subd. (b);[1] *Cory v. Shierloh* (1981) 29 Cal.3d 430, 436-437 [174

---

[1]In their entirety, the cited sections read:
"25602. (a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor.
"(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given

Cal.Rptr. 500, 629 P.2d 8]). *Cory* v. *Shierloh, supra,* describes the 1978 amendments to these sections of the code dealing with the liability of alcoholic beverage furnishers as providing "sweeping immunity" (*id.* at p. 436) operating to "bar[ ] a suit by the intoxicated consumer as well as by third persons injured by him" (*id.* at p. 437), and extending "to providers of alcoholic beverages a general immunity from suit . . ." (*id.* at p. 439). The court provides us with additional statements that these sections grant a "general rule of immunity" (*id.* at p. 439), operating "to preclude or substantially limit the liability of a provider of alcoholic beverages" (*id.* at p. 439), and "abrogating the causes of action previously authorized in our *Vesely, Bernhard* and *Coulter* opinions" (*id.* at p. 440).[2] This broad language is totally justified by the statutes in question and provides us clear direction.

The statute contains but one exception to this general rule of immunity, and this pertains to any alcoholic beverage licensee who provides the beverage to an "obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person." (Bus. & Prof.

---

away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.

"(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court (— Cal.3d —) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

"1714. (a) Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the Title on Compensatory Relief.

"(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313), and Coulter v. Superior Court (— Cal.3d —) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages."

[2]*Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151]; *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719]; *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669].

Code, § 25602.1;[3] see *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, 436.) That exception is inapplicable here since the person furnished alcohol was neither "obviously intoxicated" nor a "minor" under the allegations.

Considering both the language of the 1978 legislation and the unmistakable import of the Supreme Court's description of those provisions, I cannot join the majority in this case.

The law as developed by judicial interpretation before *Vesely* now controls the subject of civil liability of a provider of alcoholic beverages. That judicial interpretation is "it is the voluntary consumption, not the sale or gift, of intoxicating liquor which is the proximate cause of injury from its use ..." (*Cole* v. *Rush* (1955) 45 Cal.2d 345, 356 [289 P.2d 450, 54 A.L.R.2d 1137]). As noted in *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, Business and Professions Code section 25602, subdivision (c), and Civil Code section 1714, subdivision (b), "are merely descriptions of the 'prior judicial interpretation' on the subject of the liability of the provider of alcoholic beverages" (29 Cal.3d at p. 437). That law was aptly summarized in *Vesely* (5 Cal.3d at pp. 158-159): "Until fairly recently, it was uniformly held that an action could not be maintained at common law against the vendor of alcoholic beverages for furnishing such beverages to a customer who, as a result of being intoxicated, injured himself or a third person. [Fn. omitted; citations.] The rationale for the common law rule was that the consumption and not the sale of liquor was the proximate cause of injuries sustained as a result of intoxication. [Citations.] 'The rule was based on the obvious fact that one cannot be intoxicated by reason of liquor furnished him if he does not drink it.' [Citations.] The common law rule has been substantially abrogated in many states by statutes which specifically impose civil liability upon a furnisher of intoxicating liquor under specified circumstances. (See Comment, 57 Cal.L.Rev. 995, 996, fn. 6, listing the 20 states that have such statutes.) California, however, has not enacted similar legislation."

A pre-*Vesely* judicial interpretation barring civil liability of the alcoholic beverage furnisher under facts similar to the case at bar is

---

[3]Business and Professions Code section 25602.1 reads: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed pursuant to Section 23300 who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person."

*Fleckner* v. *Dionne* (1949) 94 Cal.App.2d 246 [210 P.2d 530]. There it was alleged the consumer-driver was both a minor and intoxicated when the liquor was sold, thus making the sale illegal.[4] Applying the common law rule of no proximate cause between the sale and the injury, *Fleckner* affirmed a judgment of dismissal of the suit against the furnisher of liquor to an intoxicated minor whose drunk driving caused a collision injuring the plaintiffs (*id.* at pp. 250-251). It had been alleged, among other things, the tavern owner furnisher knew Dionne was a minor, sold intoxicating liquor to him while he was already intoxicated, knew he had an automobile near the tavern and would drive it when he left, and this joined with Dionne's own negligence and produced the plaintiff's injuries (*id.* at p. 247). Nevertheless, in the face of the negligence per se argument founded upon the violations of statute, the furnisher's demurrer was sustained and the dismissal which followed was affirmed on the basis of an absence of proximate cause under the common law rule (*id.* at pp. 250-251). This decision applies the "prior judicial interpretation" on the subject of proximate cause (Bus. & Prof. Code, § 25602, subd. (c); Civ. Code, § 1714, subd. (b)) and should control the case at bar.

Similarly, in *Mann* v. *Chase* (1940) 41 Cal.App.2d 701 [107 P.2d 498], the common law rule of no proximate cause was applied to bar the defense of contributory negligence based on the statutory violation of plaintiff's furnishing liquor to the drunk driver defendant who was a person under the age of 21 years (§ 61, Alcoholic Beverage Control Act; Stats. 1935, ch. 330, p. 1123, as amended by Stats. 1937, ch. 758, p. 2175; see fn. 4.) The court said: "The giving of liquor to a minor is unlawful but not necessarily the proximate cause of an accident which may follow. If appellants' [defendants, minor drunk driver and his parents] position should be sustained, it would result in holding that the giving of liquor to a minor creates a conclusive presumption against the donor that the minor will become intoxicated. Where the basis of recov-

---

[4]The applicable prohibitions then read:

"Sec. 61. (a) Every person who sells, furnishes, gives, or causes to be sold, furnished or given away any alcoholic beverage to any person under the age of twenty-one years shall be guilty of a misdemeanor.

"(b) Any minor who purchases any alcoholic beverage or any minor who consumes any alcoholic beverage in any on-sale premises is guilty of a misdemeanor."

"Sec. 62. Every person who sells, furnishes, gives or causes to be sold, furnished or given away, any alcoholic beverage to any habitual or common drunkard, or to any obviously intoxicated person shall be guilty of a misdemeanor." (Stats. 1935, ch. 330, p. 1151, as amended by Stats. 1937, ch. 758, p. 2175.)

ery or denial in a negligence action is predicated upon a violation of the law, such violation must be a proximate cause of the accident, otherwise the violation is immaterial. It cannot be reasonably contended that the mere furnishing of the liquor, independent of its subsequent use and effect, contributed directly to the accident. . . .

"In a negligence case it is essential to establish a causal connection between a wrongful act and the resulting injury; and the unlawful act, with no independent intervening agency, must be the efficient cause. In this case the proximate cause was the intoxication resulting from the consumption of liquor, and the driving of the car by Chase while so intoxicated. The furnishing of the liquor was only remotely connected with the cause of the accident and contributed, if at all, only indirectly to the injury." (*Mann* v. *Chase, supra*, 41 Cal.App.2d 701, at pp. 704-705.)

Thus is expressed the common law rule proximate cause of injury is due to consumption, not furnishing of alcoholic intoxicants (see also *Cole* v. *Rush, supra*, 45 Cal.2d 345, 356; *Lammers* v. *Pacific Electric Ry. Co.* (1921) 186 Cal. 379, 384 [199 P. 523], "it has been uniformly held in the absence of statute to the contrary that the sale of intoxicating liquor is not the proximate cause of injuries subsequently received by the purchaser because of his intoxication"; *Hitson* v. *Dwyer* (1943) 61 Cal.App.2d 803, 809 [143 P.2d 952], "in the absence of a showing to the contrary, the proximate cause is not the wrongful sale of the liquor but the drinking of the liquor so purchased.").

When *Vesely* v. *Sager, supra*, 5 Cal.3d 153, permitted a third party plaintiff's claim of civil liability against a tavern keeper for serving an obviously intoxicated person whose later driving resulted in an accident injuring plaintiff, the court found it necessary to overrule *Cole, Lammers* and *Hitson, supra*, all of which involved, or arguably pertained to, liability claims by the intoxicated person rather than a third party (5 Cal.3d at p. 167). *Vesely* also disapproved the third party liability case of *Fleckner* v. *Dionne, supra*, 94 Cal.App.2d 246 (*id.* at p. 167). From the express overruling action by the Supreme Court in *Vesely*, as well as from the broadly applicable nature of the language stating the common law rule in those decisions, it is quite clear *Vesely* considered the rule applied to the third party plaintiff class of case it was then dealing with in addition to the intoxicated person type of case involved in the overruled decisions.

So too, as we have seen, does *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, consider the 1978 statutory reinstatement of the overruled cases has application to both the intoxicated party plaintiff and the third party plaintiff, for the court said: "[W]e must conclude that section 25602, subdivision (b), reasonably construed, bars a suit by the intoxicated consumer as well as by third persons injured by him. Any other construction would produce a singularly anomalous result, permitting a tort recovery against the provider by the intoxicated consumer, while barring recovery against the same provider by an innocent third person who was injured by the same consumer." (29 Cal.3d at p. 437.)

The facts of *Cory* are not sufficiently dissimilar to those of this case to warrant valid distinction. In *Cory,* the plaintiff's complaint alleged he was a minor who was furnished alcohol at a party, became intoxicated there and was injured when he lost control of his vehicle while trying to drive home. Four of nine causes of action were directed at defendant Shierloh, one of various named defendants who hosted and supervised the party.[5] These causes alleged:

"[1] ... defendants so negligently operated and controlled the leased premises that plaintiff became intoxicated and thereby sustained injuries;

"[2] ... the manner of Shierloh's use and occupancy of the premises constituted a nuisance, in that he *permitted thereon the unlicensed and unlawful sale and furnishing of alcoholic beverages to minors* and others;

"[3] ... Shierloh's *unlicensed and unlawful conduct in furnishing alcoholic beverages to plaintiff proximately caused his intoxication and subsequent injuries*;

"[4] ... Shierloh negligently sold or furnished alcoholic beverages to plaintiff, knowing that plaintiff was obviously intoxicated and would be driving a car thereafter." (29 Cal.3d at pp. 433-434; italics added.)

Shierloh's general demurrer relied on the 1978 amendments to the Business and Professions Code and Civil Code sections set forth above, *ante,* asserting that because of this legislation the sale or furnishing of

---

[5]The other named defendants, including the liquor stores which sold the liquor and the lessor of the building, were not parties to the appeal.

alcoholic beverages to Cory was not a proximate cause of Cory's injuries. The Supreme Court accepted this assertion, affirming the trial court's dismissal of the complaint after Shierloh's demurrer to all four of the above quoted causes of action was sustained for failure to state a cause of action. In doing so, our high court emphasized the section prohibiting furnishing alcoholic beverages to "any obviously intoxicated person" (Bus. & Prof. Code, § 25602). From the court's description of the complaint's allegations, however, it is apparent only the last quoted cause of action dealt with the furnishing "any obviously intoxicated person" section, and the above *italicized* descriptions of the complaint reflected sufficient pleading of the per se negligence theory for violation of the prohibition against furnishing to persons under 21 years of age (Bus. & Prof. Code, § 25658). In this connection, it is interesting to note the Supreme Court quoted Business and Professions Code section 25602, subdivision (b), without including its "obviously intoxicated person" language, as providing: "*No person* who sells, furnishes ... any alcoholic beverage ... *shall be civilly liable to any injured person* ... for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.' (Italics added.)" (29 Cal.3d at p. 437.)

The court held this provision was controlling, "immunizing as it does defendant Shierloh from liability to plaintiff, whose injuries are alleged to have resulted from his own intoxication following his consumption of alcoholic beverages" (29 Cal.3d at p. 437). Thus fell all four of these causes of action, including those not dependent on a showing of obvious intoxication.

The Supreme Court also agreed with the trial court's analysis and conclusion that the 1978 civil liability immunizing statutes applied to the sale or furnishing of alcoholic beverages "in violation of licensing statutes" (29 Cal.3d at p. 436) and summarized the complaint's charging allegations as asserting Shierloh "unlawfully caused plaintiff's intoxication, or permitted such intoxication to occur, and that plaintiff was injured as a proximate result thereof" (29 Cal.3d at p. 437). The unlawfulness alleged in *Cory* included more than furnishing liquor to an obviously intoxicated person.[6] It also included allegations of unlicensed furnishing of liquor and, since plaintiff Cory was a minor, the alleged unlawfulness included furnishing to a person under 21 years of age, the

---

[6]The section permitting civil liability against the furnisher of alcoholic beverages to an obviously intoxicated minor (Bus. & Prof. Code, § 25602.1) was inapplicable because defendant Shierloh was not a licensee (see Bus. & Prof. Code, § 23300).

case now before the court involving Business and Professions Code section 25658.

While I do not view *Cory* as representing a direct holding the 1978 statutes bar a negligence per se civil liability theory because a furnishing of alcohol to a person under 21 years of age is not the proximate cause of the plaintiff's injury, I read *Cory* as requiring this conclusion. *Cory's* facts are too similar and its statements concerning the immunity too broad to admit of another conclusion. Besides, *Cory* was fully aware of the Business and Professions Code section 25658 prohibition against sales to persons under 21 years of age, for it cited this section in discussing the constitutional validity of the 1978 statutory scheme, and particularly its provision in Business and Professions Code section 25602.1 preserving liability as against licensed providers of alcoholic beverages to obviously intoxicated minors (29 Cal.3d at p. 441). The court could easily have applied to its facts a theory of liability similar to that propounded by the majority here. It did not do so, and I submit that is because it could not do so under the 1978 amendments to which the court applied the following rules: "It is well settled that the Legislature possesses a broad authority both to establish and to abolish tort causes of action. As former Chief Justice Gibson put it over 30 years ago, 'Except as the Constitution otherwise provides, the Legislature has complete power to determine the rights of individuals. [Citation.] It may create new rights or provide that rights which have previously existed shall no longer arise . . . .' [Citations.]" (29 Cal.3d at p. 439.)

The Legislature has abolished the tort cause of action against the alcoholic beverage furnisher, subject to the single exception under Business and Professions Code section 25602.1, which obviously does not apply here. It has done so by providing, in essence, the right to assert civil liability against such furnishers which previously existed under *Vesely, Bernhard* and *Coulter* "'shall no longer arise'" (29 Cal.3d at p. 439), and the pre-*Vesely* judicial interpretation of proximate cause, the common law rule, shall apply to such cases. In ruling foreseeability is the key to liability, the majority applies the *Vesely* law of proximate cause (see *Vesely* v. *Sager, supra,* 5 Cal.3d 153, 163-164),[7] not the pre-

[7]On proximate cause, *Vesely* says, in part: "To the extent that the common law rule of nonliability is based on concepts of proximate cause, we are persuaded by the reasoning of the cases that have abandoned that rule. . . . [A]n actor may be liable if his negligence is a substantial factor in causing an injury, and he is not relieved of liability because of the intervening act of a third person if such act was reasonably foreseeable at the time of his negligent conduct. . . .

". . . [I]t is clear that the furnishing of an alcoholic beverage to an intoxicated person may be a proximate cause of injuries inflicted by that individual upon a third

*Vesely* interpretation as the 1978 statute requires. *Brockett* v. *Kitchen Boyd Motor Co.* (1972) 24 Cal.App.3d 87 [100 Cal.Rptr. 752], on which the majority relies, also applied the *Vesely* formula of proximate cause. Moreover, *Brockett's* statement of legislative purpose for Business and Professions Code section 25658 seems quite clearly to be addressed to protection of minors, "a special class," "young people," "tender years," "unable to cope" (24 Cal.App.3d at p. 94). Its purpose, as stated in *Brockett*, does not appear to extend to the class of persons injured as a result of the minor's consumption, intoxication and driving (see *Cory* v. *Shierloh, supra*, 29 Cal.3d 430, 441, "[a]s for limiting the class of protected consumers to minors, the Legislature might reasonably have deemed such persons more in need of safeguarding from intoxication than adults, because of the comparative inexperience of minors in both drinking and driving.").

Under the majority view, a strange anomaly in the law is created. Business and Professions Code section 25602 immunizes the alcoholic beverage furnisher, here the shopkeeper, from liability for sales to obviously intoxicated persons (except under § 25602.1 for sales by licensees to obviously intoxicated minors). The majority holds, however, the shopkeeper may be liable under Business and Professions Code section 25658 if the sale is to a sober person between 18 and 21 years of age. Thus under the majority's holding the sale to a *sober* person between 18 and 21 may create liability while under the statutes considered in *Cory* v. *Shierloh, supra*, a sale to a *drunk* person in the same age group, even a sale to a *drunk minor*, creates no liability unless the sale is by a licensee to an obviously intoxicated person who is also a "minor." That makes no sense. One well-known rule of statutory construction is that an absurd or unjust result will never be ascribed to the Legislature, except where the language is so clear as to admit of no doubt (see *Brown* v. *Huntington Beach etc. Sch. Dist.* (1971) 15 Cal.App.3d 640, 646 [93 Cal.Rptr. 417]).

The majority apparently believes the Legislature meant "minor" to be a person "under 21" in this instance. That is an unjustified assumption. The Business and Professions Code provides no special definition of "minor" and in 1971 California adopted a definition that a minor is a person under 18 (Stats. 1971, ch. 1748).

person. If such furnishing is a proximate cause, it is so because the consumption, resulting intoxication, and injury-producing conduct are foreseeable intervening causes, or at least the injury-producing conduct is one of the hazards which makes such furnishing negligent." (5 Cal.3d at pp. 163-164.)

Civil Code section 25 says simply "minors are all persons under 18 years of age." The statement of intent adopted by the Legislature when this section was enacted states "[e]xcept for the provision relating to . . . the minimum age for the sale, purchase or consumption of alcoholic beverages . . . the term "*21 years of age*' or any similar phrase regarding such age appears, it shall be deemed to mean '18 years of age.'" It is significant the Legislature did not say "when the word '*minor*' appears it shall be deemed to mean . . . ." The effort here was to substitute 18 years of age for 21 years of age but not to redefine "minors."

It is inconceivable after all the Legislature has done in other areas since 1971 (see Civ. Code, § 25.1) to establish a uniform definition of minors that in 1978 it would ignore the direction it was moving and in Business and Professions Code section 25602.1 use the word "minors" to mean a person under 21 rather than a person under 18. In any event, Business and Professions Code section 25602.1 is pertinent to this case only to the extent it is part of the statutory scheme under consideration. It otherwise does not bear directly on this case.

I do not believe we can fault the Legislature for this anomaly because if we assume the Legislature had in mind an understanding of the prior common law and its own definition of "minor," no such anomaly would occur. Under settled principles of statutory construction, this assumption is required (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 625 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]).

The interpretation I would apply provides a rational, common sense view of the legislative scheme, to wit: The sale of alcoholic beverages to a person, whether drunk or sober, creates no liability on the part of the vendor for the injuries which follow unless, within the provisions of Business and Professions Code section 25602.1, the purchaser is under 18 and obviously intoxicated.[8]

---

[8]This is also consistent with Civil Code section 1714 which totally exempts the social host.

I can reconcile *Cantor* v. *Anderson* (1981) 126 Cal.App.3d 124 [178 Cal.Rptr. 540], which held sale to a developmentally handicapped minor may create a cause of action if the plaintiff could "plead and prove that defendants not only knew of [the minor's] disability but also knew or should have known the effect that liquor would have on him *by reason of* his disability (i.e., that it would cause him to lose control and become violent)" (*id*. at p. 131). Here, there is no contention the defendants had a special relationship or knew anything about the purchaser. The best the plaintiffs could allege was the vendor had sold to many other persons who were under age.

Plaintiffs here cannot prove the alleged statutory violation of furnishing to a person under 21 (Bus. & Prof. Code, § 25658) proximately caused their injuries.

I would let the writ issue.

Petitioner's application for a hearing by the Supreme Court was denied May 12, 1982. Mosk, J., was of the opinion that the application should be granted.